197 So. 73

## ROBERTSON v. STATE.
### 6 Div. 619.

Court of Appeals of Alabama.
June 4, 1940.

Rehearing Denied June 18, 1940.

Dan Trawick, Jr., and Clark & Trawick, all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The judgment appealed from was rendered by the Circuit Court of Jefferson County, wherein, upon a plea of guilty by the defendant (appellant), to the charge denounced by Section 4247 of the Code of 1923, the court, in addition to a fine of $100 and costs of court, imposed upon him hard labor punishment of 60 days. The appeal is upon the record proper, there being no bill of exceptions.

By the provisions of said Code Section, any person adjudged guilty of the things therein proscribed "must, on the first conviction, be fined not less than twenty-five nor more than five hundred dollars; and, on the second conviction, must be fined not less than fifty nor more than five hundred dollars, and must also be imprisoned in the county jail, or sentenced to hard labor for the county, for not less than thirty nor more than ninety days." The sole point presented by this appeal is the question of the regularity of the judgment of the court below in enhancing the punishment, as for a second conviction, by the additional hard labor sentence. Aside from this enhanced punishment, the judgment is silent as to the fact of a second conviction.

The oft repeated and universal principle of law that error must affirmatively appear, otherwise the judgment stands, is applicable to this case. It cannot be affirmed that error is manifest here. It is a general rule of wide application that the reviewing court will indulge all reasonable presumptions in favor of the correctness of the judgment from which the appeal is taken for the purpose of sustaining the action of the lower court. 5 C.J.S., Appeal and Error, page 262, § 1533 et seq.; and as a general rule presumptions unfavorable to the judgment and for the purpose of reversing it will not be indulged; moreover, "where the record is silent, it will be presumed that what ought to have been done was not only done, but was rightly done." 3 Am.Jur. p. 489, section 923.

The rule of presumptions thus stated, it seems to us, has application to the situation here prevailing. The enhancement of punishment for a second conviction, under the statute, is a matter exclusively for the court, and after the jury has acted in the case by returning a verdict of conviction. This court has long been committed to the principle (which may not be the majority rule—58 A.L.R. 59 note), that the fact of a former conviction has no place pending actual trial of a defendant, and to there inject such an issue subjects the cause to reversal upon appeal. Cobb v. State, 20 Ala.App. 542, 103 So. 387; Lyles v. State, 18 Ala.App. 62, 88 So. 375; Willingham v. State, 10 Ala.App. 161, 64 So. 544; Mitchell v. State, 22 Ala.App. 300, 115 So. 149. It was stated in the Willingham case (and substantially similarly in the Lyles case), supra: "After defendant's conviction on the present trial, the court had the right, and it was its duty in determining what punishment it would inflict upon defendant, to ascertain for itself from the records whether or not the defendant had been previously convicted of violating the prohibition laws, since the statute * * * makes it incumbent upon the court on a second and every subsequent conviction to impose, as additional punishment, a hard labor sentence for not less than three nor more than six months."

The fact of a second conviction, there-fore, being exclusively for the court after trial and conviction of the defendant, this court, upon review, will presume that this defendant was properly sentenced for a second conviction, after the sentencing court performed its duty by informing itself upon this question. The maxim "omnia rite acta praesumuntur" has appropriate application here, the presumption being indulged that the lower court acted wholly within the law. 3 Am.Jur. p. 490, section 924.

It would be illogical that this court presume error in defendant's favor, contrary to the established rules of presumption, when—if the fact of a first and only conviction were seriously contended—the matter could have been brought to the attention of the lower court and thus preserved for review by this court, by proper motion in that court seasonably presented. Such would be orderly procedure as well as fairness to the sentencing court and the defendant, and harmonious to established law. 3 Am.Jur. p 26, section 246.

The contention of appellant is therefore without merit and the judgment below is affirmed.

Affirmed.