113 So.2d 527

**Starling Henry RUSHING**

v.

**STATE.**

**6 Div. 675.**

Court of Appeals of Alabama.

June 16, 1959.

Application for Writ of Certiorari to Correct Record Denied June 30, 1959.

---

1. Ante, p. 129.

2. Ante, p. 309.

St. John & St. John, Cullman, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has attempted this appeal from a judgment finding him guilty of manslaughter in the first degree.

The Attorney General has filed a motion to dismiss this appeal because not perfected within the time required by law.

Appellant was tried and adjudged guilty on 2 April 1958.

On 21 April 1958 the appellant filed a motion for a new trial.

No orders pertaining to this motion for a new trial appear in the record until 4 November 1958, when it was overruled.

On that date, 4 November 1958, the appellant gave notice of appeal.

The motion for a new trial filed on 21 April 1958 became discontinued, and functus officio upon the expiration of 30 days from the date of its filing, there being no order keeping it in fieri. The order of 4 November 1958 purporting to overrule the motion for a new trial was therefore a nullity, and of no effect.

■ An appeal from a conviction of crime in a circuit court must be taken within six months after judgment is rendered, unless of course the court below retains jurisdiction by virtue of a motion for a new trial seasonably filed, and kept alive by timely continuances within each 30 day period, in which event the appeal may be taken from such ruling within six months. See Section 368, Title 15, Code of Alabama 1940; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; McVey v. State, 38 Ala. App. 327, 82 So.2d 926; Relf v. State, 267 Ala. 3, 99 So.2d 216.

■■ The motion for a new trial filed in this case having been discontinued, and thereby rendered functus officio, the date for reckoning the time within which this appeal must have been taken is within six months of the date of judgment of conviction, that is, within six months from 2 April 1958. The attempted appeal was not taken until 4 November 1958. Obviously the effort was too late.

The motion of the Attorney General is well taken, and is hereby granted.

Appeal dismissed.

### On Application for Writ of Certiorari to Correct Record.

Appellant has forwarded to this court an application for a rehearing in this case.

At the same time appellant also forwarded an application for a writ of certiorari for the purpose of correcting the record heretofore filed.

The application for rehearing, not being accompanied by a brief, was not received or filed in this court. Supreme Court Rule 34, Code 1940, Tit. 7 Appendix.

The application for a writ of certiorari to correct the record, in view of the procedural history of this appeal, comes too late.

The record was filed in this court on 25 March 1959.

No briefs in appellant's behalf have ever been filed.

On 20 May 1959 the Attorney General filed a motion to strike the transcript of the evidence because not filed with the clerk below within the time required by law, and to strike the entire record because it was filed late in this court.

This motion was accompanied by a certificate that a copy was mailed, properly stamped and addressed to appellant's counsel on 20 May 1959.

On 21 May 1959 this appeal was submitted in this court on the motion to strike, and on its merits.

On 16 June 1959 we rendered our opinion granting the Attorney General's motion to strike. No reply to the Attorney General's motion had been filed in this court up to this time.

■ The burden was upon the appellant to file a correct record in the first place. When alleged defects were pointed out in the Attorney General's motion filed on 20 May 1959, no effort was made by appellant or his counsel to correct same up to the time of our decision on 16 June 1959.

■ Having studied this record, as filed by the appellant, in light of the Attorney General's uncontroverted motion to strike, we concluded the motion was well taken and granted same with an opinion. Under these conditions, and in this aspect, we think the appellant's petition for a writ of certiorari to correct this record comes too late. See Thorn v. State, 266 Ala. 689, 98 So.2d 860; Huddleston v. State, 37 Ala.App. 57, 64 So. 2d 90; Harris v. State, 39 Ala.App. 99, 94 So.2d 884.

**364**

■ Although, if inclined, we have authority to exercise our discretion in setting aside a judgment and grant a writ of certiorari to correct the record in a meritorious case, even after rendition of opinion (See Clark v. State, 8 Ala.App. 105, 62 So. 987), it would be a futile thing to exercise this grace in this cause even if we were inclined so to do.

The basis of appellant's petition for the writ of certiorari to correct the record is that certain timely orders of continuances keeping the motion for a new trial alive were not included in the transcript. Even if these orders be considered, the Attorney General's motion would yet have to be granted.

The order overruling the motion for a new trial, and the date of notice of appeal were both on 4 November 1958.

The transcript of evidence should have been filed with the circuit court within 60 days of that date, unless the court below extended the time for its filing. No such extensions appear in the record.

The transcript of evidence was filed with the Circuit Court on 10 January 1959, obviously not within the time required.

■ The full record should have been filed in this court within 60 days from the date it could have been filed with the circuit clerk, or 60 days from its actual filing if filed prior to the last day allowed. Relf v. State, 267 Ala. 3, 99 So.2d 216. This of course in the absence of proper orders extending this time.

This time for filing the record in this court, there being no orders of extension, would be within 120 days from 4 November 1958, or 5 March 1959. The record was not filed until 21 March 1959. The motion of the Attorney General to strike the entire record would therefore of necessity have to be granted.

Application for writ of certiorari to correct record denied.