Billy Alston was indicted for second degree theft of property belonging to one Betty Jones, to-wit, one picture, one sofa and one seed planter, of the total value of $120.00, contrary to law.
At trial appellant was permitted to withdraw his not guilty plea and enter a plea of guilty after signing an "Ireland" form which sets forth his constitutional rights pursuant to Boykinv. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The form in question discloses that the appellant was advised that punishment in the case at bar was from "one to ten years." At the sentencing hearing, the court entered its adjudication of guilt and sentenced the appellant to 15 years' imprisonment. (R. 7-8).
 I
The issue raised in this appeal is whether or not the trial court properly sentenced the appellant, inasmuch as there is no notice disclosed by the record that the state intended to proceed under the Alabama Habitual Offender Statute, § 13A-5-9, Code of Alabama 1975 as amended 1977, 1979. There is the additional issue raised that where, as here, there is simply a reference to "the range of sentence" without advising the appellant on record as to both the maximum and minimum punishment, will the plea proceeding and subsequent sentencing proceeding withstand constitutional scrutiny?
It is our judgment that this cause must be reversed and remanded as the proceeding below is clearly in conflict with the opinion of the Supreme Court of Alabama in Carter v. State,291 Ala. 83, 277 So.2d 896 (1973), wherein Mr. Justice Faulkner stated:
 "We hold that a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime."
Moreover, the cause was continued in the trial court from November 16, 1981 until December 7, 1981, in order for the trial court to allow the appellant to "apply for *Page 489 
probation and conduct a sentencing hearing." The record fails to disclose any notice by the state to the appellant that the state was going to proceed under the Habitual Offender Statute, § 13A-5-9, Code of Alabama. Thus, this matter was not included in the advice given the appellant at the time of taking his plea of guilty.
This court in an opinion by Judge DeCarlo has previously upheld the constitutionality of the Alabama Habitual Offender Statute, Watson v. State, Ala.Cr.App., 392 So.2d 1274, cert. denied, Ala., 392 So.2d 1280 (1980). In the proceeding before us, the trial court failed to explain to the appellant that he could and would be charged under the Habitual Offender Statute, thus the proceeding below must be vitiated and the cause reversed.
For the errors shown, this cause is hereby reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 889