TYSON, Judge.
John Marion Robinson appeals to this court following his indictment for felony possession of a pistol, and two-year sentence by the circuit court after a plea of guilty entered therein by the appellant.
I
This record, however, does not contain the transcript of the guilty plea proceedings before the circuit court so that this court is unable to determine whether or not there was proper compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is no showing of indigency in this case. While there is an “Ireland Form” in the record, from our examination of same, there is an insufficient basis for this court to determine whether or not appellant was properly advised of his rights under Boykin v. Alabama, supra. Therefore this record is deficient under the standards laid down by the Supreme Court of Alabama in Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974) and authorities therein cited. See also Alston v. State, 414 So.2d 488 (Ala.Cr.App.1982).
II
Moreover, appellant argues that there was an understanding with the district at *883 torney that appellant was to receive probation in exchange for his plea of guilty to the charge of felony possession of a pistol.
On this issue, there is no transcript of the sentencing hearing, either, so that this court is unable to determine whether or not the guilty plea was based upon an understanding with the district attorney’s office that appellant was, in fact, to receive probation. See Arnold v. State, 409 So.2d 947 (Ala.Cr.App.1982) and authorities therein cited.
Inasmuch as there is an insufficient record for this court to properly determine the basis of either of the alleged errors, we have no alternative but to reverse and remand this cause for new trial.
REVERSED AND REMANDED.
All the Judges concur.