Certiorari was granted to determine whether the Court of Criminal Appeals, 444 So.2d 882, had properly reversed the judgment of the trial court and remanded the cause for a new trial. We reverse and remand to the Court of Criminal Appeals.
The action of that Court in reversing the judgment of conviction was based upon, not an incomplete record, but the absence of any record disclosing a Boykin colloquy or an agreement to receive probation. Cf. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), and Alston v. State, 414 So.2d 488
(Ala.Cr.App. 1982), in which records were present.
In this case there was no transcript of the trial court's proceedings. Thus, there was an absolute silence on the issues reviewed by the majority of the Court of Criminal Appeals. A reviewing court cannot predicate error on matters not shown by the record. Watson v. State, 398 So.2d 320 (Ala.Cr.App. 1980),cert. den., 398 So.2d 332 (Ala. 1981). Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala. App. 399,197 So. 73 (1940). It is the appellant's duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Cr.App. 1977), cert.den., 347 So.2d 1384 (Ala. 1977); Rushing v. State, 40 Ala. App. 361, 113 So.2d 527 (1959).
Thus, the reviewing Court below erred in predicating error on the silent record. The judgment of that Court, accordingly, is reversed, and this cause is remanded to that Court for an order not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and EMBRY, JJ., concur.
FAULKNER and ADAMS, JJ., dissent.