The appellant was tried and convicted by the District Court of Jefferson County for driving under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975. He appealed his conviction to Jefferson County Circuit Court, where, in a trial de novo, a jury also found him guilty of driving under the influence.
 I
The appellant maintains that this cause is due to be reversed because the record does not affirmatively reveal that the jury was sworn. Section 12-16-170, Code of Alabama 1975, requires that the record show that the oath was administered to the jury. Gardner v. State, 48 Ala. 263 (1872). Numerous cases hold that where the record is silent, it will be presumed that the jury was not sworn, and thus, the judgment void. Whitehurst v.State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160 (1973). In the present case, no court reporter was present to transcribe that portion of the proceedings. The original "Arraignment and Judgment Entry" stated that the jury was "duly empaneled, sworn and charged according to law." This notation is sufficient to comply with the requirements of § 12-16-170, Code of Alabama 1975.Whitehurst, supra. However, the appellant *Page 791 
contends that in this case the notation was "expunged" from the record by the granting of his post-judgment motion. Pursuant to Rules 10 (f) and 11 (a), Alabama Rules of Appellate Procedure, the appellant requested that the "Arraignment and Judgment Entry" be changed "so that it would be consistent with the `Case Action Summary-Criminal.'" Minute entries, changed in accordance with the motion by omitting the reference to the jury being duly sworn, were subsequently certified to this court as a supplemental record. There is nothing in these entries to suggest that they were intended to "expunge" any portion of the original "Arraignment and Judgment Entry." We, therefore, reject the appellant's contention that § 12-16-170, Code of Alabama 1975, was not complied with.
The trial court had no basis for altering the "Arraignment and Judgment Entry" based solely upon the appellant's bare allegations that the judgment entry was inconsistent with the court's "Case Action Summary" sheet. The appellant's motion merely alleged that there was an inconsistency between the "Case Action Summary" and the judgment entry. The appellant did not allege that the jury had never, in fact, been sworn. Absent an allegation that the judgment entry was in fact incorrect, that the jury had never been given the oath, there was no basis for the court to amend the judgment entry. It is not necessary that the judgment entry correspond exactly with the trial court's case action summary. Merely because the judgment entry adds a fact which may have been inadvertently omitted from the case action summary does not, ipso facto, mean that the judgment entry is wrong. The statute requires that the clerk, not the judge, administer the oath to the jury. The clerk's statement in the original judgment entry that the jury was "duly empaneled, sworn and charged" was therefore apparently, based on the independent knowledge of the person primarily responsible. No grounds for reversal are presented here.
 II
The appellant also contends that this cause should be reversed because the record fails to affirmatively show that the parties answered "ready" for trial. We do not reach the merits of the argument. Because no court reporter was present during trial to record the proceeding, we cannot ascertain whether the parties announced they were ready to proceed. A reviewing court cannot predicate error on matters which are not shown by the record. Robinson v. State, 444 So.2d 884 (Ala. 1983). The appellant bears the burden of insuring that there is a correct record. Welch v. State, 455 So.2d 299 (Ala.Cr.App. 1984). Where the record is silent, it will be presumed on appeal that no error was made. Robertson v. State, 29 Ala. App. 399,197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75 (1940).
 III
Finally, the appellant argues that the state improperly amended its complaint against him on appeal from district court. In district court the appellant was charged by U.T.T.C. (Uniform Traffic Ticket and Complaint) with "driving while under the influence of alcohol." On appeal to circuit court the district attorney's complaint charged that the appellant "did on or about November 13, 1983 . . . drive or was in actual physical control of a vehicle while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975. . . ." The appellant's contention is without merit. There is no change in the nature of the prosecution against the appellant on appeal to the circuit court. See, Jackson v. City of MuscleShoals, 52 Ala. App. 227, 291 So.2d 162 (Ala.Cr.App. 1974).
AFFIRMED.
All the Judges concur. *Page 792