McMILLAN, Judge.
The appellant was indicted for the offense of murder, in violation of § 13A-6-2, Code of Alabama (1975). He was convicted of manslaughter and sentenced to ten years in the penitentiary.
While his ease was pending on appeal with this court, the appellant filed a “Motion for Court of Criminal Appeals to Allow Remand to Circuit Court of Clark County for Resentence Pursuant to McCree v. State, [Ms. 87-353, September 16,1988] (Ala.1988).” The appellant argues that because he was convicted of manslaughter involving the use of a rifle and was sentenced to 10 years, the maximum allowed for manslaughter, which the trial court indicated was mandatory under the enhancement statute, § 13A-5-6(a)(5), Code of Alabama (1975), he is due to be resén-tenced. According to § 13A-5-6(a)(5), Code of Alabama (1975):
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
[[Image here]]
“(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.”
In McCree v. State, supra, the Alabama Supreme Court stated that determining this issue requires a two-step process.
“First, implicit in the language of § 13A-5-6(a)(5) — ‘a firearm or deadly weapon was used or attempted to be used in the commission of the felony — is the requirement that the underlying felony for which the defendant is convicted have, as one of its necessary elements, the element of intentional criminal conduct. Therefore, McCree’s reckless or negligent conduct which resulted in manslaughter, while sufficient to supply the criminal scienter to support a conviction for a class C felony, does not require a finding that he intentionally used the firearm to commit the felony, and thus cannot support the application of § 13A-5-6(a)(5). In other words, reading § 13A-5-6 as a whole, we must construe subsection (a)(5) to mean that convictions for those underlying felonies that are committed .without the intentional use of a deadly weapon do not fall within the category of convictions that invoke the enhancement provision of this statute.
“Second, ‘enhancement’ as that word is used to describe the effect of § 13A-5-6(a)(5), necessarily means that in addition to the culpability of the offense for which the defendant has been convicted, the defendant’s conduct is necessarily the result of a higher degree of culpability, because of the jury’s finding that a ‘firearm or deadly weapon was used or attempted to be used in the commission of the felony.’ Indeed, the use of a deadly weapon to commit the underlying felony is the classic situation intended by the legislature to invoke the enhanced penalty.
“Here, the jury returned a verdict of manslaughter. By virtue of that finding, that McCree recklessly caused the death of his friend, the jury eliminated the element of McCree’s intentional use of a firearm as a means to take human life. The culpability of McCree for recklessness was established by the jury’s verdict. Otherwise, the guilty verdict would have reflected a higher degree of unlawful homicide.... Therefore, the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked by culpability higher than that for which McCree had been found guilty.” (Footnotes omitted.) (Emphasis in original.)
The Court, in McCree, concluded that it need not decide “[w]hether every manslaughter conviction will require the same holding as here,” but that under the facts ' of that case, the jury’s verdict necessarily precluded any finding of the requisite intent to use the firearm in the commission of the felony. Under the facts of the present case, including the trial court’s oral charge to the jury, it is clear that the jury found that the appellant acted recklessly in causing the victim’s death. Therefore, the *138 appellant was improperly sentenced by the trial court.
We further find that the appellant sufficiently preserved this matter for our review. The following transpired after the jury returned its verdict:
“[DEFENSE COUNSEL]: I request a sentence hearing and also apply for a probation hearing.
“THE COURT: You request a sentence hearing and you’re applying for probation; is that correct?
“[DEFENSE COUNSEL]: Yes, sir. “THE COURT: As far as the sentence hearing is concerned, this Court is going to deny that motion, in that, under the manslaughter conviction with a weapon, which the evidence clearly demonstrated in this case, although manslaughter is normally a one to ten year penitentiary punishment, where a deadly weapon is used in commission of a crime, it makes the enhancement statute come into play. Therefore, the minimum sentence, as well as the maximum sentence, in this case is ten years in the state penitentiary. Therefore, the Court having no alternative in sentencing other than the ten-year sentence, the sentence hearing will be denied.
“Mr. Robinson, do you have anything you wish to say before sentence is pronounced against you?
“[DEFENSE COUNSEL]: Your Honor, we’re going to object to you sentencing under the enhancement statute on the grounds that it’s unconstitutional, especially in these circumstances.”
Following the holding in McCree, to allow the appellant to be sentenced under the trial court’s belief that he had to impose a ten-year sentence, violates the appellant’s rights to due process. Cf. Tice v. State, 475 So.2d 589, 590 (Ala.Cr.App.1984), re'versed, Ex parte Tice, 475 So.2d 590 (Ala. 1984). Thus, his objection that, under these circumstances, his sentence was unconstitutional is valid. Therefore, this cause is due to be remanded to the trial court for resentencing.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
McMillan, judge.
This cause was remanded to the trial court for re-sentencing pursuant to McCree v. State [Ms. 87-353, September 16, 1988] (Ala.1988). On remand, the appellant was re-sentenced to ten years in the State penitentiary and was given credit for any time served prior to the re-sentencing. He was properly re-sentenced by the trial court. The appellant has raised two issues concerning the validity of his conviction.
I
The appellant argues that his counsel was ineffective for failing to properly object to the composition of the jury, pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although the appellant contends that he filed a Rule 10(f), A.R.App.P., motion to supplement the record, nothing further has been filed with this court. Thus, there is no indication in the record of the racial composition of the jury or the race of potential jurors struck by either party. Thus, the appellant has not met his burden of proof in order to demonstrate that the State exercised its peremptory challenges in a discriminatory fashion.
It is the appellant’s responsibility to provide a complete record on appeal. Montgomery v. State, 504 So.2d 370, 372 (Ala. Cr.App.1987); Parish v. State, 480 So.2d 29, 30 (Ala.Cr.App.1985).
“A reviewing court cannot predicate error on manners not shown by the record. Watson v. State, 398 So.2d 320 (Ala.Cr. App.1980), cert. den., 398 So.2d 332 (Ala. 1981). Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala. App. 399, 197 So. 73 (1940). it is the appellant’s duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Cr. App.1977), cert den., 347 So.2d 1384 (Ala. 1977); Rushing v. State, 40 Ala.App. 361, 113 So.2d 527 (1959).”
Robinson v. State, 444 So.2d 884, 885 (Ala. 1983). See also Abbott v. State, 494 So.2d 789, 791 (Ala.Cr.App.1986).
*139 Because the appellant has not shown that his rights were violated under Batson v. Kentucky, supra, he has failed to show that he was prejudiced by his counsel’s failure to object and that his counsel in effect acted ineffectively in failing to object. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
II
The appellant argues that he was prejudiced by the trial court’s failure to re-read its entire charge to the jury following a juror’s question concerning a specific portion of that charge. The transcript reveals that the following transpired after the jury had retired to begin deliberations:
“THE COURT: Ladies and gentlemen of the jury, it is my understanding that you would like for me to re-define my portion of the charge definding murder, manslaughter and criminally negligent homicide; is that correct?
“JURORS: (Nod heads)
“THE COURT: I will read to you that portion of my charge as defines those elements.”
Thereafter, the trial court defined the elements of the three requested offenses. The jury again began deliberations and, approximately an hour later, defense counsel objected to the trial court’s “giving a partial charge to the jury”.
“When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response. East v. State, 339 So.2d 1104, 1106-07 (Ala.Cr.App.1976). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury. White v. State, 195 Ala. 681, 686, 71 So. 452 (1916); Thomas v. State, 393 So.2d 504, 508 (Ala.Cr.App.1981). It is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge. Turner v. State, 160 Ala. 40, 47, 49 So. 828 (1909).”
Davis v. State, 440 So.2d 1191, 1195 (Ala. Cr.App.1983), cert. denied, Davis v. Alabama, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984).
Furthermore, despite the appellant’s contention to the contrary, “such a practice does not give added weight or place undue emphasis on that portion of the oral charge.” Thomas v. State, 455 So.2d 278, 281 (Ala.Cr.App.1984), and cases cited therein. We find no abuse of discretion by the trial court in failing to re-read its entire charge.
OPINION EXTENDED; AFFIRMED.
All Judges concur.