ON RETURN TO REMAND
This cause was remanded to the trial court for re-sentencing pursuant to McCree v. State [Ms. 87-353, September 16, 1988] (Ala. 1988). On remand, the appellant was re-sentenced to ten years in the State penitentiary and was given credit for any time served prior to the re-sentencing. He was properly re-sentenced by the trial court. The appellant has raised two issues concerning the validity of his conviction.
 I
The appellant argues that his counsel was ineffective for failing to properly object to the composition of the jury, pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). Although the appellant contends that he filed a Rule 10(f), A.R.App.P., motion to supplement the record, nothing further has been filed with this court. Thus, there is no indication in the record of the racial composition of the jury or the race of potential jurors struck by either party. Thus, the appellant has not met his burden of proof in order to demonstrate that the State exercised its peremptory challenges in a discriminatory fashion.
It is the appellant's responsibility to provide a complete record on appeal. Montgomery v. State, 504 So.2d 370, 372
(Ala.Cr.App. 1987); Parish v. State, 480 So.2d 29, 30
(Ala.Cr.App. 1985).
 "A reviewing court cannot predicate error on manners not shown by the record. Watson v. State, 398 So.2d 320 (Ala.Cr.App. 1980), cert. den., 398 So.2d 332 (Ala. 1981). Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala. App. 399, 197 So. 73 (1940). it is the appellant's duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Cr.App. 1977), cert den., 347 So.2d 1384 (Ala. 1977); Rushing v. State, 40 Ala. App. 361, 113 So.2d 527 (1959)."
Robinson v. State, 444 So.2d 884, 885 (Ala. 1983). See alsoAbbott v. State, 494 So.2d 789, 791 (Ala.Cr.App. 1986). *Page 139 
Because the appellant has not shown that his rights were violated under Batson v. Kentucky, supra, he has failed to show that he was prejudiced by his counsel's failure to object and that his counsel in effect acted ineffectively in failing to object. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
 II
The appellant argues that he was prejudiced by the trial court's failure to re-read its entire charge to the jury following a juror's question concerning a specific portion of that charge. The transcript reveals that the following transpired after the jury had retired to begin deliberations:
 "THE COURT: Ladies and gentlemen of the jury, it is my understanding that you would like for me to re-define my portion of the charge definding murder, manslaughter and criminally negligent homicide; is that correct?
"JURORS: (Nod heads)
 "THE COURT: I will read to you that portion of my charge as defines those elements."
Thereafter, the trial court defined the elements of the three requested offenses. The jury again began deliberations and, approximately an hour later, defense counsel objected to the trial court's "giving a partial charge to the jury".
 "When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response. East v. State, 339 So.2d 1104, 1106-07 (Ala.Cr.App. 1976). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury. White v. State, 195 Ala. 681, 686, 71 So. 452
(1916); Thomas v. State, 393 So.2d 504, 508
(Ala.Cr.App. 1981). It is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge. Turner v. State, 160 Ala. 40, 47, 49 So. 828
(1909)."
Davis v. State, 440 So.2d 1191, 1195 (Ala.Cr.App. 1983), cert. denied, Davis v. Alabama, 465 U.S. 1083, 104 S.Ct. 1452,79 L.Ed.2d 770 (1984).
Furthermore, despite the appellant's contention to the contrary, "such a practice does not give added weight or place undue emphasis on that portion of the oral charge." Thomas v.State, 455 So.2d 278, 281 (Ala.Cr.App. 1984), and cases cited therein. We find no abuse of discretion by the trial court in failing to re-read its entire charge.
OPINION EXTENDED; AFFIRMED.
All Judges concur.