Nathaniel Young was indicted for robbery in the second degree, in violation of § 13A-8-42, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and the trial judge sentenced the appellant to life imprisonment as a habitual felony offender.
On August 30, 1988, two men entered Busch's Jewelers in Ensley, Alabama. Jim Grantham, the store's manager, after waiting on another customer, assisted the two men. The men wanted to look at some men's diamond rings, so Grantham took three or four rings from the jewelry case. One of the men asked the total price for one of the rings. Grantham took his handheld calculator and began to figure the amount. While Grantham was doing this, *Page 45 
one of the men (whom he later identified as the appellant) sprayed some aerosol substance into his eyes and shouted, "This is a stickup."
Grantham fell to the floor. He wiped his eyes and looked up to see the second man behind the counter. The men took seventeen rings, totalling approximately $8,000 and fled the store.
As the men were exiting the store, one of the men bumped into Randolph Anderson, who was standing outside on the sidewalk. Anderson later identified the appellant from a photographic array as the man who had knocked him down. He also identified the appellant in court as one of the robbers.
Lavella Gilliam, a store employee, was also present at the time of the robbery. She and Grantham, individually and at different times, viewed a lineup at the Jefferson County jail. They both picked this appellant from the lineup as being one of the robbers. Each also made an in-court identification of the appellant.
 I
Six photographs were shown to Anderson at the photographic array. One of these photographs was of the appellant. After reviewing all six photographs, Anderson told Sergeant Roger Harrison of the Birmingham Police Department that the appellant was the person who had knocked him down as he (the appellant) was running out of Busch's Jewelers. Anderson signed his name on the back of the appellant's photograph. All six photographs were introduced and admitted into evidence for the State.
A seventh photograph was also admitted into evidence. This photograph was of the appellant and was taken the day of the lineup.
The appellant contends that the photographs were improperly allowed into evidence. He bases his argument on two grounds: (1) the "mug shots" of the appellant implied that he had a prior criminal record; and (2) Anderson failed to verify, or authenticate, that the photographs introduced at trial were those shown to him on the day that he picked the photograph of the appellant as being that of one of the robbers.
As to the contention that the "mug shots" indicated that the appellant had a prior criminal record, we note that the record on appeal is devoid of any evidence that the appellant raised this ground at trial. It is well settled that all grounds of objections not raised at trial are waived. "Appellant is bound by his specified objections, Bolding v.State, 428 So.2d 187, 191 (Ala.Cr.App. 1983), and it is too late for him to raise new grounds of objection." Walker v. State,523 So.2d 528, 535 (Ala.Cr.App.), cert. denied (Ala. 1988) (no objection that mug shots inferred prior criminal record). Seealso Saffold v. State, 485 So.2d 806, 807 (Ala.Cr.App. 1986) (admission of photographs in trial court's discretion).
As this court stated in Dorsey v. State, 406 So.2d 457
(Ala.Cr.App. 1981), such photographs should not be admitted,"over proper objection," where they indicate that the defendant has a prior criminal record. However, we will not find error where this was not the basis of the appellant's objection.Dorsey; Howell v. State, 369 So.2d 297 (Ala.Cr.App. 1978), cert.denied, 369 So.2d 303 (Ala. 1979). See Holsclaw v. State,364 So.2d 378 (Ala.Cr.App.), cert. denied, 364 So.2d 382 (Ala. 1978) (improperly admitted where proper objection raised).
Moreover, the photographs on which the appellant bases his argument are not found in the record. As we stated inAbbott v. State, 494 So.2d 789, 791 (Ala.Cr.App.), cert. denied
(Ala. 1986):
 "A reviewing court cannot predicate error on matters which are not shown by the record. Robinson v. State, 444 So.2d 884 (Ala. 1983). The appellant bears the burden of insuring that there is a correct record. Welch v. State, 455 So.2d 299
(Ala.Cr.App. 1984)."
The importance of our review of the actual photographs was shown by our decision in Lockett v. State, 518 So.2d 877, 880
(Ala.Cr.App. 1987). In Lockett, we reviewed the photographs and found that *Page 46 
lines in the background did not indicate that the appellant had a prior criminal record. Because we do not have the challenged photographs before us, we cannot make a determination in this cause.
As for the appellant's claim that the photographs should have been authenticated by Anderson, we disagree. Anderson testified that Sergeant Harrison showed him six photographs. From these photographs, he identified one as being the person who had knocked him down. This was the appellant's photograph. Anderson stated that, per Sergeant Harrison's instructions, he signed his name on the back of that photograph.
Sergeant Harrison testified that he showed Anderson six photographs, that Anderson identified one as being the robber, and that Anderson signed his name on the back of that photograph. Sergeant Harrison then stated that State's exhibits one through six were the six photographs shown to Anderson.
Photographs are typically admissible if they are "properly verified by a person who is familiar with the subjects of the photographs. . . ." Whittington v. State, 432 So.2d 25, 26
(Ala.Cr.App. 1983); Hurst v. State, 402 So.2d 1124
(Ala.Cr.App. 1981). The testimony of Sergeant Harrison was sufficient to authenticate the photographs as being those which were used in the photographic array.
 II
The appellant further contends that the pre-trial lineup was impermissibly suggestive and that, for this reason, the trial court erred by allowing this out-of-court identification to be admitted into evidence.
When a party challenges a pre-trial identification, this court must apply a two-part analysis. First, we must determine if the identification procedure was unnecessarily suggestive. Johnson v. State, 526 So.2d 34 (Ala.Cr.App. 1987);Coleman v. State, 487 So.2d 1380, 1387 (Ala.Cr.App. 1986). If we find that the lineup was unnecessarily suggestive, then we must review the "totality of the circumstances" (five factors) as set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375,34 L.Ed.2d 401 (1972).
Prior to trial, the appellant moved to suppress the out-of-court identifications of him by the witnesses. On September 15, 1988, a lineup was conducted at the Jefferson County Jail. Five men were in the lineup, including this appellant.
Grantham and Gilliam, both of whom were witnesses to the robbery, were called to observe the lineup and to see if they could identify one of the robbers. Both individuals were told that the robber might or might not be in the lineup.
Grantham and Gilliam entered the observation room separately. Both witnesses identified the appellant as being one of the robbers. Sergeant Harrison, who was present at the time, recalled Grantham's stating that he was 90% sure that the appellant was the robber. He recalled Gilliam's saying that the appellant looked like one of them.
The testimony of Sergeant Harrison and Deputy A.H. Hayes of the Jefferson County Sheriff's Department (who coordinated the lineup) established that all five participants were dressed in blue pants and a blue shirt, and all had the same basic physical characteristics — black males, between 6' and 7' tall, weighing 220 to 350 pounds.
The appellant, during his case-in-chief, called three witnesses. All three witnesses were participants in the lineup and were currently serving time in a state or county prison facility. Two of the witnesses stated that only the appellant was asked to step out of line and turn. The third witness testified that they were all asked to step forward, but only the appellant was asked to turn.
Sergeant Harrison and Deputy Hayes testified to the contrary. In fact, Deputy Hayes was called as a rebuttal witness for the State. She testified that she was in charge of lineups at the Jefferson County jail. She stated that if she asks one of the participants in the lineup to do something, all of the participants are required to do the same thing. *Page 47 
Based on the above evidence, the appellant has failed to show to this court that the pre-trial lineup was unnecessarily suggestive. Therefore, we are not required to analyze the five factors of Neil v. Biggers.
For the reasons stated, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.