ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court for clarification of the basis of the appellant’s sentence imposed pursuant to his conviction of possession of cocaine. The trial court has filed a copy of the case action summary, on return to remand, which notes that a hearing was set for July 9, 1990, at which time the appellant was present in court with his attorney. The case action summary states (in pertinent part):
“On [appellant’s] motion before the Court, motion to amend sentence is heard and granted. [Appellant] is hereby sentenced to amended sentence of 15 years, split, and time to be actually served in *1057 pen consists of time that [appellant] has already served in pen to date. [Appellant] is placed on probation for a period of eleven years. [Appellant] is further ordered to participate in T.A.S.C. program until further orders of this Court.”
We find no error in the trial court’s sentencing of the appellant. Although the trial court does not state, on return to remand, whether this sentence was imposed pursuant to the Habitual Felony Offender Act, the appellant’s sentence is clearly within the range for an unenhanced sentence, § 13A-5-9(c)(1), Code of Alabama 1975, and no error appears on the face of the record. Robinson v. State, 444 So.2d 884, 885 (Ala.1983).
AFFIRMED.
All Judges concur.