MONTIEL, Judge.
The appellant, Nathaniel Young, filed a petition for a writ of habeas corpus attacking his conviction for robbery in the second degree and his sentence to life imprisonment upon application of the Habitual Felony Offender Act. The trial court treated the appellant’s petition as a Rule 32, Ala.R.Crim.P., petition. The trial court summarily dismissed the petition pursuant to Rules 32.2(b) and (c), Ala.R.Crim.P., because the issues either were raised and addressed in a previous Rule 20, Ala.R.Crim.P.Temp., petition or should have been raised on direct appeal; because the petition was successive; and because the petition was precluded by the two year limitations period.
The appellant argues that the trial court erred in summarily dismissing his petition. This Court has consistently held that when a petition styled as a “petition for a writ of habeas corpus” is filed and the allegations raised in that petition are cognizable in a proceeding under Rule 32, Ala.R.Crim.P., the petitioner should be given the opportunity to file a proper post-conviction petition as required by Rule 32.6(a). Maddox v. State, 662 So.2d 914 (Ala.Crim.App.1993); Drayton v. State, 600 So.2d 1088 (Ala.Crim.App.1992) (and cases cited therein).
Therefore, this case is remanded to the circuit court with directions that the petition for a writ of habeas corpus be returned to the appellant so that he can have the opportunity to file a proper Rule 32 petition.
REVERSED AND REMANDED.
All the Judges concur except BOWEN, P.J., who dissents with opinion.