MADDOX, Justice.
This is a habeas corpus/Rule 32, Ala. R.Crim.P., petition for post-conviction relief. The issue presented is whether a trial court can summarily dismiss a post-conviction filing seeking relief from a criminal conviction or sentence that is not on the form prescribed by Rule 32, without first requiring the filing on the prescribed form, when the claim for relief is, on the face of the filing, precluded under Rule 32.2.
The defendant in this case, Nathaniel Young, was convicted of second degree robbery and was sentenced to life imprisonment, pursuant to the Habitual Felony Offender Act, in April 1989. The conviction was affirmed by the Court of Criminal Appeals in Young v. State, 563 So.2d 44 (Ala.Crim.App.1990). Young filed a Rule 20, Ala.R.Crim.P.Temp., petition in September 1990, and the trial court denied it. The Court of Criminal Appeals affirmed the denial of Young’s Rule 20 petition by unpublished memorandum in March 1991.
Two years later, Young filed a petition for a writ of habeas corpus, attacking his conviction on the following grounds: (1) that the evidence was insufficient to support his conviction, (2) that he was unlawfully arrested, (3) that he was denied a speedy trial, and (4) that he was denied effective assistance of counsel. The trial court treated Young’s ha-beas corpus petition as a Rule 32, Ala.R.Crim.P., petition. The trial court summarily dismissed the petition, pursuant to Rule 32.2(b) and (c), Ala.R.Crim.P., because the issues either had been raised and addressed in the previous Rule 20 petition or should have been raised on direct appeal; because the petition was successive; and because the petition was not filed within the two-year limitations period.
Young argued before the Court of Criminal Appeals that the trial court had erred in summarily dismissing his petition. He contended that when a petition styled as a “petition for a writ of habeas corpus” is filed and the allegations raised in that petition are cognizable in a proceeding under Rule 32, Ala.R.Crim.P., the petitioner should be given *142 the opportunity to file a proper post-conviction petition as required by Rule 32.6(a) rather than face summary dismissal. The Court of Criminal Appeals agreed and remanded the ease so that Young could have the opportunity to file a proper Rule 32 petition. Young v. State, 667 So.2d 139 (Ala.Crim.App.1993).
Presiding Judge Bowen dissented, writing that he adheres to his position expressed in Bishop v. State, 592 So.2d 664, 665 (Ala.Crim.App.1991) (Bowen, J., dissenting), rev’d, 608 So.2d 345 (Ala.1992), and in Maddox v. State, 662 So.2d 914 cert. granted 08/19/93, that Rule 32.7(d) takes precedence, in some cases, over the Rule 32.6(a) requirement that a Rule 32 petition be filed on the proper “form.” He says that a simple reading of Young’s petition shows that it is precluded by the limitations provision in Rule 32.2(c). He says that the reversal by the Court of Criminal Appeals is an exaltation of form over substance, and he contends that the trial court’s order denying the petition without requiring the State to respond should be affirmed.
Since this case was decided by the Court of Criminal Appeals, this Court has decided Lockett v. State, 644 So.2d 34 (Ala.1994), and Maddox v. State, 662 So.2d 915 (Ala.1995). In both cases, this Court addressed the question presented here and in each ease adopted Judge Bowen’s dissent in Bishop as the opinion of this Court.
Therefore, the judgment of the Court of Criminal Appeals is reversed and this cause is remanded for action consistent with this Court’s opinions in Lockett and Maddox.
REVERSED AND REMANDED. 
ALMON, SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.