WISE, Judge
(dissenting).
I respectfully dissent from the majority opinion remanding White’s case to the trial court with directions that it hold an evi-dentiary hearing to determine the terms of the plea agreement. My review of the record reveals that the plea agreement makes no mention of White’s “substantial assistance” as a term of the agreement. (C. 17.) If the agreement was amended to include additional terms, or if another agreement was made, that agreement is not contained in the record on appeal. As the Supreme Court has held, it is the appellant’s duty to ensure that the record on appeal is complete:
“A reviewing court cannot predicate error on matters not shown by the record. Watson v. State, 398 So.2d 320 (Ala.Cr.App.1980), cert. den., 398 So.2d 332 (Ala.1981). Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala. App. 399, 197 So. 73 (1940). It is the appellant’s duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Crim. App.1977), cert. den., 347 So.2d 1384 (Ala.1977); Rushing v. State, 40 Ala.App. 361, 113 So.2d 527 (1959).”
Robinson v. State, 444 So.2d 884, 885 (Ala.1983).
Because White failed to ensure that the record on appeal was complete, the record before us contains no indication what the additional terms of the plea agreement were. By remanding this case, this Court is, in effect, giving White “another bite at the apple.” Based on the record before this Court, there is no evidence indicating that the State violated the terms of its plea agreement with White, since the plea agreement contained in the record does not mention more favorable treatment for White in the event of his “substantial assistance” to law enforcement officials. Accordingly, I would affirm White’s conviction. Therefore, I dissent.
BASCHAB, J., concurs.