Douglas John Howell appeals the affirmance by the Court of Criminal Appeals of the trial court's denial of youthful-offender status in his trial for first-degree rape on the basis that he did not adequately preserve the issue for appeal. We affirm.
Howell was arrested on April 24, 2003, and charged with first-degree rape. On the day of his arrest, Howell applied for youthful-offender status in the Geneva District Court, under § 15-19-1, Ala. Code *Page 305 
1975.[1] The district court did not rule on the application. On August 7, 2003, Howell was indicted in the circuit court for the rape of G.B., a 7-year-old girl. Howell was 16 years old or older at the time of the incidents underlying the rape charge. § 13A-6-61(a)(3), Ala. Code 1975. On April 21, 2005, Howell applied for youthful-offender status in the circuit court. The circuit court scheduled a hearing on Howell's application for youthful-offender status for May 20, 2005, then rescheduled the hearing for May 25, 2005. Howell's application for youthful-offender status was denied on May 25, 2005,[2] by an order entered on the case action summary. His trial took place June 13-16, 2005, and Howell was found guilty of rape in the first degree. The judge sentenced him to 30 years' imprisonment. Howell's motion for a new trial was denied on August 10, 2005, and a new attorney was appointed to represent him. Howell appealed the judgment of conviction to the Court of Criminal Appeals.
The Court of Criminal Appeals unanimously affirmed the judgment of conviction in an unpublished memorandum. In his appeal to the Court of Criminal Appeals, Howell claimed, among other things, that denying him youthful-offender status was improper because, he claimed, the denial was based solely on the nature of the crime with which he was charged. The Court of Criminal Appeals held that because Howell did not object in the circuit court to the denial of his application for youthful-offender status, he had not preserved that issue for appeal. We granted certiorari review solely to examine this question of first impression for this Court: whether an objection or exception in the circuit court is necessary to preserve for appellate review an order of the circuit court denying a defendant's application for youthful-offender status.
The Court of Criminal Appeals, in holding that Howell was required to object to the denial of youthful-offender status in the circuit court to obtain appellate review of that adverse ruling, relied on Harris v. State, 794 So.2d 1214
(Ala.Crim.App. 2000). The Court of Criminal Appeals stated inHarris:
 "Harris contends that the trial court abused its discretion by arbitrarily denying his request for youthful-offender status. Specifically, he argues that the trial judge denied youthful-offender status based solely on the charges themselves, without consideration of the particular facts involved. . . . However, there is no indication in the record that Harris objected to the trial court's denial of youthful-offender status. Therefore, this issue was not properly preserved for our review."
794 So.2d at 1221.
An application for youthful-offender status is merely a printed form filed by the defendant requesting treatment as a youthful offender and consenting to an investigation to determine whether such treatment is warranted. The application *Page 306 
does not contain information specific to the applicant, beyond the applicant's name and the name of the applicant's attorney, nor does it set forth the grounds upon which the applicant relies in seeking youthful-offender status. Although the circuit court held a hearing on Howell's application for youthful-offender status, there is no transcript of that hearing in the record that would reflect Howell's contentions in support of his application and his response to any arguments advanced by the State in opposition to the application.
The State contends that it is Howell's obligation to ensure that the record on appeal is complete. We agree.
 "In this case there was no transcript of the trial court's proceedings. Thus, there was an absolute silence on the issues reviewed by the majority of the Court of Criminal Appeals. A reviewing court cannot predicate error on matters not shown by the record. Watson v. State, 398 So.2d 320
(Ala.Crim.App. 1980). . . . Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala.App. 399, 197 So. 73 (1940). It is the appellant's duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Crim.App. 1977) . . .; Rushing v. State, 40 Ala.App. 361, 113 So.2d 527 (1959)."
Robinson v. State, 444 So.2d 884, 885 (Ala. 1983).See also Bamberg v. State, 611 So.2d 450, 452
(Ala.Crim.App. 1992) ("[I]f in fact the off-the-record discussion did concern the issue the appellant now raises, it was the appellant's duty to make a complete record on appeal.Holder v. State, 584 So.2d 872 (Ala.Crim.App. 1991).").
Howell has not sustained his burden of providing us with a complete record; thus, we are unable to determine whether Howell's contentions before the Court of Criminal Appeals in support of his argument that the denial of youthful-offender status was based solely on the nature of the offense were presented at the hearing on his youthful-offender status or were made for the first time on appeal. Because we cannot assume that Howell made the same arguments in the circuit court that he now makes on appeal, we are in the same situation as if he had sat mute at the hearing. In that context, we stated in Ex parteWalker, 972 So.2d 737, 750-51 (Ala. 2007):
 "The trial court conducted a hearing, at which Walker could have pursued this legal theory, objected to the State's alleged lack of evidence of probable cause to arrest, presented evidence to support his allegation, and argued that the lack of evidence required that his statement be suppressed. Walker, however, remained silent; he did not pursue this issue in the trial court; and he did not allow the trial court the opportunity to prevent the alleged injustice. See Adams v. State, 585 So.2d 161, 164
(Ala. 1991)('Matters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court.'). Cf. Coulliette v. State, 857 So.2d 793, 795 (Ala. 2003) (holding that because a specific argument raised on appeal was not presented at suppression hearing, `"[t]he motion [to suppress] did not give the trial court notice of the specific issues [the defendant] . . . raise[d] in his [appellate] brief Therefore, the trial court did not have the opportunity to rectify these alleged errors. . . . [The defendant's] motion was not sufficient to preserve the issues presented by [him] in his brief."' (quoting Acree v. State, 673 So.2d 855, 856
(Ala.Crim.App. 1995)))."
Because Howell did not adequately preserve for appellate review any error in the denial of his application for youthful-offender status, the Court of Criminal Appeals *Page 307 
correctly affirmed Howell's judgment of conviction, and the judgment of the Court of Criminal Appeals is affirmed.[3]
AFFIRMED.
SEE, STUART, BOLIN, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.
[1] Section 15-19-1 provides:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section."
[2] The unpublished memorandum in the Court of Criminal Appeals incorrectly gives this date as May 25, 2003.
[3] We are not here presented with the issue whether an objection below is necessary to preserve for appellate review the denial of youthful-offender status in a case where a transcript of the youthful-offender hearing is included in the record and the transcript reflects that the matters asserted on appeal were raised at the hearing.