SHAW, Justice
(dissenting).
The Court of Criminal Appeals noted that, according to the trial court, Joseph Lester Pate’s first Kirby motion was denied. See Kirby v. State, 899 So.2d 968 (Ala.2004). If that prior motion was properly considered in compliance with the Court of Criminal Appeals’ decision in Holt v. State, 960 So.2d 726 (Ala.Crim.App. 2006), then the second motion — currently before this Court on certiorari review— was successive. The fact that a Kirby motion is successive is a valid basis, in and of itself, for denying that motion. Hannon v. State, 16 So.3d 818 (Ala.Crim.App.2008).
The Court of Criminal Appeals held in its unpublished memorandum: “In this case, there is no indication in the instant record that Pate’s first motion was not properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006).” See Pate v. State, 144 So.3d 1256 (Ala.Crim.App. 2012). Because nothing indicates that the first Kirby motion was not properly considered, the second motion is successive and its denial was proper.
The record is silent as to whether the trial court properly considered the first Kirby motion. The presumption we must make from this silence is clear:
“It is well settled that:
“ ‘[t]he appellant bears the burden of bringing the record before the appellate court. Montgomery v. State, 504 So.2d 370 (Ala.Crim.App.1987). An appellate court may only consider the facts contained in the record on appeal, and it may not presume any facts not shown by that record and make them a ground for reversal. Williams v. State, 412 So.2d 1274 (Ala. Crim. App.1982).’
“Carden[ v. State ], 621 So.2d [342] at 346-47 [ (Ala.Crim.App.1992) ]. Stated differently, ‘[t]he appellant “ ‘bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal[, and if the record is incomplete,] [i]t is their duty to file a corrected record.’ ” ’ Smith v. State, 745 So.2d 922, 928 (Ala.Crim.App. 1999) (quoting Ingram v. State, 629 So.2d 800, 804 (Ala.Crim.App.1993), quoting in turn Jordan v. State, 607 So.2d 333, 335 (Ala.Crim.App.1992)).
“It is equally well settled that ‘ “ ‘[w]here the record is silent on appeal, *1261 it will be presumed that what ought to have been done was not only done, but rightly done.’ ” ’ Williams [v. State ], 55 So.3d [366] at 370 [ (Ala.Crim.App. 2010) ] (quoting Johnson [v. State ], 823 So.2d [1] at 18-19 [ (Ala.Crim.App. 2001) ], quoting in turn Owens [v. State ], 597 So.2d [734] at 736 [ (Ala.Crim.App. 1992) ], quoting in turn Jolly [v. State ], 405 So.2d [76] at 77 [ (Ala.Crim.App. 1981) ]). See also Finney v. State, 860 So.2d 367, 376-77 (Ala.Crim.App.2002) (same); Welch v. State, 63 So.3d 1275, 1279 (Ala.Crim.App.2010) (same); Robinson v. State, 444 So.2d 884, 885 (Ala. 1983) (holding that a silent record supports the circuit court’s judgment). In other words, ‘[a] reviewing court cannot predicate error on matters not shown by the record.’ Ex parte Howell, 974 So.2d 304, 306 (Ala.2007) (citations and quotations omitted). ‘Indeed, [when an appellant fails to supply an appellate court with an adequate record, the] silent record supports [the circuit court’s] judgment.’ Id. (citations and quotations ' omitted).”
Coleman v. State, 93 So.3d 145, 152-53 (Ala.Crim.App.2011) (Windom, J., dissenting).
To presume that the trial court did not properly consider the first Kirby motion, I believe, runs afoul of these well settled principles. I would affirm the Court of Criminal Appeals’ decision.
WISE and BRYAN, JJ., concur.