HARRIS, Judge.
Appellants, Robert Daniel Brooks and James Edward Goldsmith, were each indicted by the Montgomery County Grand Jury in its August 1983 term on charges of breaking and entering a vehicle in one case and for theft of property in the third degree, receiving stolen property in the third degree and breaking and entering a vehicle in a second case.
On August 31, 1983, appellants were tried before a jury in a consolidated case. Appellant Brooks was convicted of theft of property in the third degree, receiving stolen property in the third degree and breaking and entering a vehicle. He was sentenced to ten years’ imprisonment as a habitual felony offender. Appellant Goldsmith was convicted on those same charges and also on a charge of breaking and enter *243 ing a vehicle. He was sentenced as a habitual felony offender to ten years’ imprisonment and ordered to pay $87.24 in restitution in the first case and to fifteen years’ imprisonment and ordered to pay $87.24 in restitution in the second case.
On June 29, 1983, at about 1:45 p.m., while on routine patrol, Officer Robert Rollins of the Alabama State Capitol Police, saw appellants Brooks and Goldsmith in a parking lot behind the State Administrative Building. Goldsmith was standing in front of a green Mercury and Brooks was walking from the rear of the car. A green Ford LTD which was not familiar to Officer Rollins was parked beside the Mercury. Rollins testified at trial that there were generally about eleven cars parked in the lot and that he was familiar with the cars usually parked there. There had been a rash of break-ins involving cars in the State complex and so Rollins drove around the block and returned to the lot to investigate the unusual activity. He found the men driving away in the green Ford LTD. He called in the tag number from the car and followed them for a short distance. He noticed the driver looking in his rear view mirror and a lot of activity in the car. He called for assistance and stopped the car.
Rollins asked appellant Brooks, who was the driver of the car, for his driver’s license, and when Brooks failed to produce one, Rollins issued a citation for driving without a license. Brooks informed him that the car belonged to Michael Brooks, his cousin. Rollins and an assisting officer, who had arrived in the meantime, noticed eight-track tapes, a sweater, a coat and hub caps within plain view inside the car. The officers called the Montgomery Police Department and requested that the two men drive with them to their headquarters.
Rollins returned to the parking lot where he had first seen appellants and found the window on the driver’s side of the green Mercury down, a large gash under the trunk lock and the lock pulled out. In addition, a tire and a hubcap were partially removed from a Pontiac Grand Prix in the parking lot. He located the owners of the cars and confirmed that the cars had been broken into and items stolen from them. The owners identified the eight-track tapes, coat and sweater seen in appellant’s car as their property.
Both appellants allege that they were unlawfully arrested and illegally detained while law enforcement officers obtained evidence subsequently used against them at trial.
It is clear that an investigative detention of a motor vehicle is constitutionally permissible where the investigating officer has specific and articulable reason to believe that criminal activity has occurred or is going to occur. Thatch v. State, 397 So.2d 246 (Ala.Crim.App.1981), cert. denied, 397 So.2d 253 (Ala.) A police officer may stop an individual to make an investigation even though he does not have probable cause to arrest that person. Spradley v. State, 414 So.2d 170 (Ala.Crim.App.1982). The strength of the information necessary for an investigatory detention is far less than that required for an arrest or a search. Thatch, supra; Luker v. State, 358 So.2d 504 (Ala.Crim.App.1978).
Under the facts of the case before us, there was ample justification for investigatory detention of the appellants. The discovery by the police officers of property which they suspected to have been stolen was, under the circumstances, justification for extending the investigatory detention and requesting that the appellants accompany the officers to their headquarters. Harper v. State, 395 So.2d 150 (Ala.Crim.App.1981).
In addition, appellants contend that certain physical evidence should not have been admitted at trial. There was, however, no objection to the admission of the evidence at trial; hence, there is nothing preserved for this court to review. See, e.g. Whorton v. State, 422 So.2d 812 (Ala.Crim.App.); Ala. Digest, Criminal Law, Key No. 1045.
We have carefully searched the record for errors injuriously affecting the sub *244 stantial rights of appellants and have found none. The judgment of conviction of both appellants is affirmed.
AFFIRMED.
All the Judges concur.