492 So.2d 625 (1985)
Larry RICHARDSON
v.
The CITY OF TRUSSVILLE.
6 Div. 595.
Court of Criminal Appeals of Alabama.
December 10, 1985.
On Return to Remand April 22, 1986.
Rehearing Denied May 27, 1986.
Certiorari Denied July 25, 1986.
*627 L. Dan Turberville, Birmingham, for appellant.
Burgin H. Kent of Bishop, Colvin & Johnson, Birmingham, for appellee.
Alabama Supreme Court 85-1026.
BOWEN, Presiding Judge.
Larry Richardson was charged with driving under the influence of alcohol. After a trial in the circuit court, he was convicted and fined $1,500 and sentenced to ten days' hard labor in the City Jail. Three issues are raised on appeal.

I
Richardson maintains that the trial court erred in denying his motion to exclude the City's evidence and his motion for a directed verdict because the police had no probable cause to believe that he was involved in criminal activity.
Trussville Police Officer Harry Humber testified that early on the morning of November 27, 1983, he, along with his partner, Lawrence McKelvy, observed an automobile in the parking lot of a dentist's office. Humber stated that since there had been previous burglaries at the dentist's office, he and Officer McKelvy decided to check out the automobile. Upon their arrival, the car was in the process of pulling out of the driveway. Officer Humber stopped the car and asked the driver "what he was doing there." According to Officer Humber, Richardson's speech was slurred. Officer Humber testified, "The subject had a strong odor of alcoholic beverage about his person. There was a mixed drink in a plastic cup in the vehicle that was visible. I asked the subject to step out of the car. The subject was very uncoordinated. He appeared to be highly intoxicated." Officer Humber arrested Richardson for DUI and transported him to the police station where a PEI test was conducted. Test results showed Richardson's blood-alcohol content at .13 percent.
Officer McKelvy verified Officer Humber's account of the stop and arrest. He confirmed that Richardson's speech was slurred and that he was "unsteady on his feet."
The evidence shows that Richardson was stopped because he was in the parking lot of a dentist's office that had been previously burglarized. The trial judge found that the stopping was justified and merely constituted "good law enforcement." We agree because a police officer does not need probable cause to stop a person for questioning; he need only be able to articulate specific facts and inferences that lead to a reasonable suspicion of criminal activity.
In Brooks v. State, 460 So.2d 242 (Ala.Cr.App.1984), a State Capitol police officer observed unusual activity in a State building parking lot. That reason, coupled with the fact that there had recently been a rash of break-ins involving cars at the State complex, prompted further investigation. In Brooks, we held that a police officer may stop an individual to make an investigation even though probable cause does not exist for an arrest. 460 So.2d at 243. See also Spradley v. State, 414 So.2d 170, 173 (Ala.Cr.App.1982), and Minnifield v. State, 390 So.2d 1146, 1151 (Ala.Cr.App.), cert. denied, 390 So.2d 1154 (Ala.1980).
The United States Supreme Court answered a similar issue in Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), when it recognized that,
"a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."
Terry went on to hold that a stop is permissible "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Terry, 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d 889.
Moreover, the Alabama Legislature enacted specific legislation dealing with the *628 powers of law enforcement officers to investigate suspected criminal activity. Section 15-5-30, Code of Alabama 1975, reads:
"A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions."
Given the late hour Richardson's car was observed in the dentist's office parking lot and the fact that both police officers had been called to burglaries at that particular office in recent months preceding the date in question, we believe that reasonable grounds existed for the officers to suspect that the individual in the automobile might be involved in criminal activity and that further investigation was warranted.
"A policeman who lacks the precise level of information necessary for probable cause to arrest is not required simply to shrug his shoulders and allow a crime to occur or a criminal to escape, and a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." 6A C.J.S. Arrest § 38 (1975).
The action of the police officers in the present case was an effort "to maintain the status quo momentarily while obtaining more information." Only when Richardson spoke in a slurred manner in response to the officer's question as to the reason he was in the parking lot did the officer suspect Richardson was driving under the influence of alcohol.
The officers' suspicion of Richardson's intoxicated condition ripened into probable cause when Richardson complied with the officer's request and got out of his car. Richardson stumbled and the odor of alcohol was on his breath. A drink had been observed in the car. At that point, the officers were under a duty to detain Richardson and transport him to City Jail for testing. Therefore, both the arrest and the investigation leading up to the arrest were legally and properly executed.

II
Richardson maintains that the trial court erred to reversal in not granting a motion for mistrial and another motion requesting that the trial judge recuse himself. Both motions are grounded on the trial judge's statement that he would impose a stiffer sentence upon conviction in the trial de novo than the sentence imposed by the municipal court.
In the trial held in the municipal court, Richardson received a $700 fine and thirty days' imprisonment. He appealed to the circuit court where, after a trial de novo, he was sentenced to ten days' imprisonment and fined $1,500.
It is a "flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). It is no less a violation of due process when a harsher sentence is imposed upon a defendant for having successfully pursued a statutory right of appeal or collateral remedy. Id. To insure the absence of vindictiveness at resentencing, Pearce requires "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 725-26, 89 S.Ct. at 2080-81, 23 L.Ed.2d 656.
However, the danger of vindictive sentencing is not inherent in a two-tiered trial de novo system such as that found in this state so that "Pearce does not apply to a sentence after an appeal and a trial de novo *629 in a two-tier system for adjudicating criminal offenses. Colten v. Kentucky, 407 U.S. 104, 112-120, 92 S.Ct. 1953, 1958-1962, 32 L.Ed.2d 584 (1972)." Hardy v. State, 455 So.2d 265, 268 (Ala.Cr.App.1984); Clark v. City of Mobile, 357 So.2d 675, 677-78 (Ala.Cr.App.), cert. denied, 357 So.2d 680 (Ala.1978); A Campbell, Law of Sentencing § 42 (1978). Nevertheless, even in such a system, the possibility exists that a "defendant might prove actual vindictiveness and thereby establish a due process violation." Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3222, 82 L.Ed.2d 424 (1984).
Here, the evidence of vindictiveness on the part of the judge at the trial de novo is clear. The record reflects the following comments prior to the sentencing aspect of the trial:
"THE COURT: When I call this docket on these municipalities I said, gentlemen, when I try these cases they're going to get more than they got below if they're guilty. You weren't here when that occurred. He knows and everyone in this courtroom knows when they appeal up here, if you're going to appeal, then they're going to get more than they got below if they're guilty.
"MR. TURBERVILLE [Defense Counsel]: Could we have that on the record, Your Honor?
"THE COURT: Put it on the record. If they're going to appeal up here and found guilty I'm going to give more than they got below in most instances.
"MR. TURBERVILLE: And his honor stated that he had told the lawyers that they were here on the date that the case was first set that if they tried it they would receive more.
"THE COURT: If they were found guilty and they tried it, yes, they were going to get more than the lower court."
These comments evidence the vindictive attitude condemned in Pearce as constitutionally impermissible. 395 U.S. at 723-25, 89 S.Ct. at 2080, 23 L.Ed.2d 656.
While we strongly disapprove of the constitutionally condemned attitude expressed by the trial court, the City argues that Richardson did not actually receive a "harsher" sentence in the Circuit Court because, although the fine was increased, the actual jail time was decreased.
In People v. Lewis, 52 Ill.App.3d 477, 10 Ill.Dec. 257, 367 N.E.2d 710 (Ill.App.Ct.1977), the defendant was sentenced to fifteen to thirty years' imprisonment after his first trial. That conviction was reversed on appeal. After a retrial, the defendant was sentenced to three to fifteen years' imprisonment and fined $5,000. In resolving an issue very similar to that presented here, the Illinois Appellate Court stated:
"We perceive two possible theories to be used in resolving this issue, each of which will achieve a different result. The first theory, which is the one defendant seems to advocate, states that any sentence is severable into two components of imprisonment and fine, and neither a greater fine nor a greater term of imprisonment can be imposed in the second sentence than was imposed in the first sentence. The second theory states that the sentence must be judged as a whole in determining whether or not the second penalty is more severe than the first. There can be little doubt that under either theory, when the second sentence provides for a fine and in addition to the same term of imprisonment as was first imposed, the penalty is more severe. A more difficult problem is posed when the term of imprisonment is decreased, but the fine increases. We believe that the severity of a subsequent sentence should be judged as a whole. When the two sentences in question are compared, we do not find that the fine imposed with the shorter term of imprisonment constitutes a more severe penalty than the longer term of imprisonment alone. We perceive no simplistic formula for making such a determination, for to do so would require reducing the years of a man's life to a monetary value, something we are unwilling to do. Upon giving due regard to the requirements of due process as elicitated in North Carolina *630 v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, we believe the degree to which the term of imprisonment was reduced and the magnitude of the fine does not dictate a finding that the second sentence is more severe than the first." Lewis, 52 Ill.App.3d at 486-87, 10 Ill.Dec. at 263, 367 N.E.2d at 716.
We would follow Lewis were it not for the affirmative and patent evidence of judicial vindictiveness present in this case which is absent in Lewis.
While "[i]mprisonment and fine are not punishments of the same nature," Norvell v. State, 50 Ala. 174, 178 (1874), we are not prepared to find that they are interchangeable. Compare State v. Volk, 220 N.W.2d 607, 612 (Iowa 1974). In view of the attitude expressed by the trial court, this case is remanded for resentencing. On resentencing, the circuit court may impose the same sentence as before, so long as the reasons for doing so affirmatively appear in the record and so long as those reasons are "based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," as dictated by Pearce, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d 656.

III
The trial judge did commit error in allowing into evidence a computer printout from the Alabama Department of Public Safety showing Richardson's prior conviction in February of 1983 for driving under the influence of alcohol. The proper method for proving a prior conviction is by introducing a certified copy of the minute entry, Thatch v. State, 397 So.2d 246, 252 (Ala.Cr.App.), cert. denied, 397 So.2d 253 (Ala.1981), or, in Jefferson County, a certified copy of the trial docket sheet. Thomas v. State, 395 So.2d 1105, 1108 (Ala.Cr.App.1981).
However, in this case, defense counsel made no objection to the admission of the computer printout into evidence and this issue has not been preserved for review. Weaver v. State, 437 So.2d 626, 627 (Ala.Cr.App.1983). See also Smith v. State, 409 So.2d 455, 459 (Ala.Cr.App.1981).
This cause is remanded for proper sentencing.
REMANDED FOR PROPER SENTENCING.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On return to remand, the circuit court set aside its sentence of ten days and the fine of $1,500 and sentenced Richardson to thirty days' imprisonment and a $700 finethe same sentence Richardson had received in the municipal court. Consequently, it cannot be argued that Richardson was penalized for pursuing his right of appeal.
The judgment and sentence of the circuit court are affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.