Ella Mae Rollins petitions this Court to require a trial judge to recuse himself because of personal conflict between the petitioner's attorney and the trial judge. The petition is granted.
Rollins is a defendant in a non-jury civil action involving a sale of real property for division of the proceeds. The Honorable Billy J. Sheffield is the trial judge in this case in the Henry County Circuit Court. On August 28, 1985, Rollins filed a motion asking the judge to recuse himself; it was denied without a hearing on November 8, 1985. The basis for the motion to recuse was an alleged personal conflict between the attorney for Rollins, James W. Rane, and Judge Sheffield, which stemmed from Rane's representation of another party in an earlier (sometime in 1983) case before Judge Sheffield. As a result of Judge Sheffield's decision in the earlier case, a letter was written by a resident of Henry County to the editor of the Abbeville Herald criticizing Judge Sheffield. The author of the letter was held in contempt of court by Judge Sheffield and, as a result, the Court of the Judiciary became involved in the matter.
On March 16, 1984, Judge Sheffield filed a complaint against Rane with the Alabama Bar Association wherein he alleged various acts by Rane which made him unfit to practice law. The disciplinary commission of the Alabama Bar Association dismissed the complaint on or about July 16, 1984.
Rollins argues that there is a clear appearance of bias and prejudice on the part of Judge Sheffield.
Canon 3C (1), Alabama Canons of Judicial Ethics, provides in pertinent part:
 "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned. . . ."
"[R]ecusal is required where facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge. Miller v.Miller, 385 So.2d 54, 55 (Ala.Civ.App.), cert. denied,385 So.2d 56 (Ala. 1980); Wallace v. Wallace, 352 So.2d 1376, 1379
(Ala.Civ.App. 1977). However, recusal is not required by a mere accusation of bias unsupported by substantial fact. Miller v.Miller, supra; Taylor v. Taylor, 359 So.2d 395, 398-399
(Ala.Civ.App. 1978)." Acromag-Viking v. Blalock, 420 So.2d 60,61 (Ala. 1982).
In the instant case, Rollins presents documents which prove that Judge Sheffield filed a complaint against Rane with the Alabama Bar Association alleging perjury, political vindictiveness, and unfitness to practice law. In his complaint, Judge Sheffield asserted that Rane was in some way responsible for the letter of criticism that was published in the newspaper.
Rollins contends that Judge Sheffield continues to harbor intense negative feelings against Rane even though the complaint was dismissed. The answer filed by Judge Sheffield in this case attempts to prove that his accusations against Rane were justified. The judge also argues, through his exhibits, that he was never allowed to appear before the disciplinary commission of the Alabama Bar Association in order to give testimony concerning Rane. He offered to give this testimony after the commission had made its investigation and dismissed the complaint against Rane. These arguments tend to lead to the conclusion that Judge Sheffield still maintains some negative feelings toward Rane. *Page 638 
In fact, Judge Sheffield has recused himself in two other matters involving Rane, one recusal occurring as recently as January 2, 1986.
The writ of mandamus is an extraordinary remedy which should be granted only when it is clear that the trial court abused its discretion. Ross v. Luton, 456 So.2d 249 (Ala. 1984). We consider the evidence stated above sufficient to support the contention that the trial judge is biased against Rane. Therefore, the trial judge's failure to recuse himself in this case is an abuse of discretion; the writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., not sitting.