Petitioners seek a writ of mandamus to compel the recusal of a circuit court judge on the ground that he was biased and prejudiced against the petitioners.
The underlying action arose when the parents of an injured minor child sought to have their contract with the petitioners set aside on the grounds that it was not being enforced as they understood it. The petitioners had represented the minor child, Stephanie Hayes, suing by and through her father and next friend, Artis Hayes, in a medical malpractice action in 1982; by the terms of the settlement reached in that case, the minor plaintiff was to receive a $ 300,000 cash payment and an annuity to pay $ 1,500 per month for her life. As the petitioners were employed on a contingent fee basis, they received a percentage of the cash payment at the time of the settlement, and they have been receiving half of the monthly annuity payments since that time.
In November of 1985, Jessie Hayes filed a motion, pro se, in an attempt to have the contract set aside, claiming that she did not understand the agreement with the petitioners to include a portion of the monthly annuity payments. Judge Charles Price initially denied that motion, but later appointed a guardian ad litem, who has filed an action naming as defendants the petitioners and the judgment rendered in Civil Action CV-80-1184-H, which incorporated the contract now in question.
Petitioners allege that mandamus is proper because of remarks Judge Price made during the initial hearing on Jessie Hayes's motion to set aside the original judgment. Judge Price sits in this case as successor to Judge Perry Hooper, and this case was originally assigned to Judge Hooper. At the hearing on Jessie Hayes's motion, Judge Price indicated that he was disturbed about the terms of the settlement, in light of the employment agreement, and he expressed concern that Judge Hooper had not appointed a guardian ad litem to ensure that the best interests of the minor child were safeguarded:
 "I am going to tell you something. This contract disturbs me. Now, that may be perfectly legal, but there is something about this [that is] unconscionable.
"* * *
"Well, you know, this contract bothers me.
"* * *
 "The problem is that no guardian was appointed for that child.
 "Well, if they are the legal guardians, they did not act in the best interest of the child. . . . It appears to be unconscionable.
"* * * *Page 1210 
 "Because you got fifty percent of the up-front money. Tied into fifty percent of the child's money for thirty days [sic], Mr. Thornton. That seems to be unconscionable to me.
"* * *
 "Now, the problem I find here is that even if the Hayeses, the parties, were the guardian of the child, then somebody did not work in the best interest of the child. I will just be honest with you. I just do not believe this arrangement is in the best interest of the child.
"* * *
 "Well, I think if it had a guardian separate and apart from the parents, I do not believe no lawyer in his right mind would have agreed to this contract. . . . Fifty percent of the child's money.
"* * *
 "I understand the contract to be unconscionable. . . . I am just going to be honest with you. I am saying that with — even the parents, I can't understand a guardian of the child, I don't see how they could sit up here and agree to this contract.
"* * *
 "I think fifty percent meant fifty percent of $ 300,000."
Petitioners contend that Judge Price's statements evidence such bias and prejudice as to mandate his recusal in this case; they assert that his impartiality is reasonably in question.
Canon 3 of the Alabama Canons of Judicial Ethics provides in pertinent part:
"C. Disqualification:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."
This Court recognizes the importance of judicial impartiality, but we cannot say as a matter of law that statements such as Judge Price made in this case are sufficient, in and of themselves, to show bias. Of course, as Judge DeCarlo, writing for the Alabama Court of Criminal Appeals, once said, "Implanted in the foundation of public policy is the general rule that no judge shall preside in a case in which he is not wholly free, disinterested, and independent." Ex parte White, 53 Ala. App. 377, 386,300 So.2d 420, 429, cert. denied, 293 Ala. 778,300 So.2d 439 (1974). Or, as Justice Frankfurter once said, "[J]ustice must satisfy the appearance of justice." Offuttv. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13,99 L.Ed. 11 (1954).
Nevertheless, we must also recognize that mandamus is an extraordinary remedy and will not be granted unless the petitioner can show a clear legal right to relief. Ex parteArmy Aviation Center Federal Credit Union, 477 So.2d 379
(Ala. 1985). To demonstrate a clear right to relief, the petitioners must show that the alleged bias is "personal" rather than "judicial." White, supra. The United States Supreme Court stated, in this regard:
 "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Berger v. United States, 255 U.S. 22, 31 [41 S.Ct. 230, 232, 65 L.Ed. 481]. Any adverse attitudes that [the trial judge] evinced toward the defendants were based on his study of the depositions and briefs which the parties had requested him to make."
United States v. Grinnell Corp., 384 U.S. 563, 583,86 S.Ct. 1698, 1710, 16 L.Ed. 778 (1966) (quoted in Hartman v.Board of Trustees of Univ. of Ala., 436 So.2d 837 (Ala. 1983)).
In this case, we cannot say that the petitioners have demonstrated a clear right to have Judge Price recuse himself. The judge's statements arose out of a judicial proceeding and, although he said he was disturbed about the terms of the agreement, the remarks he made, in our opinion, do not show a bias against the petitioners *Page 1211 personally. In fact, the record shows that the judge at one point during the hearing stated, "Don't misunderstand what I am saying. I think it is a good settlement. . . . Well, I am not accusing you, because you have been practicing law for a long time. . . . I do not have any problem with the way this case was handled. I do not have any problem with $ 300,000 in this case."
At a later hearing on petitioners' motion for recusal, Judge Price again indicated his lack of bias against the petitioners and lack of prejudgment of the case, when he said:
 "I state unequivocally that the representation to this family was exemplary. I think you all got all of the money that you could get for this family."
"* * *
 "I don't have any negative feelings. I state, you know, that my — all feelings I have are based on legal principles, in my opinion. I don't have any negative feelings, personally. I don't know either side. There's only one of the lawyers that I know, and that is Mr. Thornton. And I have done work with him before. So, when I say negative feelings, don't by any means, don't think that I am talking about anybody personally.
"* * *
 "I never said that [the contract was unconscionable]. I said in my opinion, I believe it may be. Yes. But surely, I am going to have a full hearing on it. I am not going to form an opinion now. I want to come in and see what the contract is.
"* * *
 "I am not saying there is anything wrong with a fifty-percent contract. Don't get me wrong. And I am not casting any aspersions on you or Mr. Thornton or Mr. Large. Mr. Thornton is my friend. I have practiced with Jerry. I am looking at — I am going to look at this contract, yes, but I don't have anything to do with this case. I wish it wouldn't have come back to me. I have 265 other civil cases. So, I don't have any interest in this case one way or another."
Based on the foregoing, this Court cannot find that the petitioners have made a clear showing that recusal is required in this case. Judge Price unequivocally states that he is not biased against petitioners and that he holds no bias for or against either side in this action.
While we deny the writ requested by the petitioners, we do not hold that the Hayeses have stated sufficient grounds for relief against the petitioners. We do not decide that issue in this proceeding. That question will be presented before Judge Price. We do hold, however, that petitioners have shown no clear legal right to relief at this time.
WRIT DENIED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.