The appellant, Wayne Draime, was convicted of driving under the influence of alcohol, in violation of §32-5A-191(a)(1), Code of Alabama 1975, in the district court of Mobile County, and was sentenced to 48 hours in the county jail and fined $500. Thereafter, Draime appealed his conviction to the Mobile Circuit Court and a trial de novo was held in front of a jury. The appellant was again found guilty. He was sentenced to 60 days in the county jail and fined $1,000.
The State's evidence tended to show that appellant's vehicle was stopped by Trooper Kenneth King at approximately 10:00 p.m. on July 11, 1986. He noticed that the appellant's vehicle had only one headlight and that the vehicle had been "weaving" from lane to lane. Trooper King noticed that appellant's eyes were red and bloodshot, his breath smelled of alcohol, he walked unsteadily, and his speech was slurred. Trooper King informed appellant that he smelled alcohol on his breath and proceeded to administer an alcohol field test. He testified that, in his opinion, the appellant was drunk.
Trooper King placed appellant under arrest, transported him to the trooper station, and turned him over to Trooper Leonard James. Trooper James attempted to administer the P.E.I. Intoxilyzer test to appellant several times, but was unable to get a satisfactory sample because of appellant's uncooperativeness. Trooper James gave his opinion that appellant was intoxicated.
Appellant testified that he had had two beers around 4:00 p.m., but was not intoxicated. He stated that his vehicle was weaving because of mechanical problems. According to appellant, numerous physical ailments hindered his walking and his emphysema interfered with his breathing. His explanation of the smell of alcohol was that it was caused by the presence of "esters" in the paint on his clothing. On cross-examination, appellant admitted that he did not tell Trooper King about his alleged car trouble, but did mention having had a D.U.I. conviction four months before this incident.
Appellant contends that it was against the law for the circuit judge to impose a harsher sentence, after conviction in circuit court, than the one imposed by the district judge. There had been no change in circumstances between the district court and circuit court convictions.
This issue was previously addressed by the court in the case of Richardson v. City of Trussville, 492 So.2d 625,628-29 (Ala.Cr.App. 1985), wherein we stated:
 "It is a 'flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside.' North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). It is no less a violation of due process when a harsher sentence is imposed upon a defendant for having successfully pursued a statutory right of appeal or collateral remedy. Id. To insure the absence of vindictiveness at resentencing, Pearce
requires 'that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.' Id. at 725-26, 89 S.Ct. at 2080-81, 23 L.Ed.2d 656.
 "However, the danger of vindictive sentencing is not inherent in a two-tiered trial de novo system such as that found in this state so that 'Pearce does not *Page 139 
apply to a sentence after an appeal and a trial de novo in a two-tier system for adjudicating criminal offenses. Colten v. Kentucky, 407 U.S. 104, 112-120, 92 S.Ct. 1953, 1958-1962, 32 L.Ed.2d 584 (1972).' Hardy v. State, 455 So.2d 265, 268 (Ala.Cr.App. 1984); Clark v. City of Mobile, 357 So.2d 675, 677-78
(Ala.Cr.App.), cert. denied, 357 So.2d 680 (Ala. 1978); A. Campbell, Law of Sentencing
§ 42 (1978). Nevertheless, even in such a system, the possibility exists that a 'defendant might prove actual vindictiveness and thereby establish a due process violation.' Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3222, 82 L.Ed.2d 424 (1984)."
Because of our system of granting a misdemeanor defendant a new trial in circuit court, if he wants it, the circuit judge is free to set any lawful sentence upon conviction. He is not bound by the actions of the municipal or district judge in the same case. Of course, the sentence must be within the minimum and maximum limits as set by statute.
In the Richardson case, there was clear evidence in the record of vindictiveness by the judge. The constitution does not permit such conduct. We remanded the case to the trial court for resentencing. Unless there is evidence in the record of "vindictiveness" by the trial court, we will not overturn a higher sentence imposed on trial de novo that fits within the statutory limits of punishment. See Jemison v. State,513 So.2d 47, 50 (Ala.Cr.App. 1987). There is no evidence of vindictiveness contained in this case.
This cause is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur. *Page 333