TAYLOR, Presiding Judge.
The appellant, Leroy Gradford, Jr., was convicted, in the municipal court of the City of Huntsville, of driving a motor vehicle while under the influence of alcohol, in violation of Huntsville Municipal Ordinance 18-1 and § 32-5A-191(a)(2), Code of Alabama 1975. Thereafter, Gradford appealed his conviction to the Madison Circuit Court and had a trial de novo before a jury. The appellant was again found guilty. He was sentenced to two weeks’ work for the City of Huntsville on a work release program, fined $500 plus court costs, and ordered to attend the Highway Intoxication Seminar, and his license was suspended pursuant to the applicable city ordinance.
The City’s evidence tended to show that on the evening of May 26, 1988, Officer Michael Young of the Huntsville Police Department observed the appellant travelling east on Oakwood Avenue in Huntsville, Alabama. Officer Young followed the appellant for approximately one-half mile, and in that distance he observed the appellant’s vehicle cross over the center line three or four times. Officer Young stopped the appellant and asked him to produce his driver’s license. The appellant obeyed the officer’s request, but fumbled as he did so. At that time, Officer Young noticed the odor of alcohol coming from the appellant’s vehicle, so he asked the appellant to step out of the vehicle. As the appellant did so, Officer Young noticed that the appellant was unsteady on his feet and had very red, glassy eyes.
Officer Young administered five field sobriety tests on the appellant, including the horizontal gaze nystagmus test, the one-leg stand test, the finger-to-nose test, the Rom-berg alphabet test, and the walk-and-turn test. The appellant failed all of the tests. Officer Young then placed the appellant under arrest for driving under the influence of alcohol and transported him to the Huntsville city jail. There he was given a breath test on the Intoxilizer 5000 breath analysis machine. The results of the test indicated that the appellant had a blood alcohol content of .14%.
The appellant raises four issues on appeal.
I
The appellant first contends that the trial court erred in overruling his motion to suppress the evidence and his motion to dismiss. The basis for these motions was an alleged lack of probable cause to stop and subsequently arrest the appellant.
Section 15-5-30, Code of Alabama 1975, provides as follows:
“A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions.”
Contrary to the appellant’s contention that there was no “probable cause” for the initial stop, it is apparent that there was. Officer Young observed the appellant’s vehicle cross over the center line onto the wrong side of the road three or four times. This was sufficient. Thus, the trial court correctly denied the appellant’s motion to suppress and his motion to dismiss.
II
Second, the appellant contends that the trial court erred in overruling his mo *1332 tion to dismiss because an “information” had not been timely filed by the City of Huntsville. Although it is not specifically mentioned in his brief, we take appellant’s contention to mean that the City of Huntsville failed to “file the notice and other documents in the court to which the appeal is taken within 15 days,” as required by § 12-14-70(d), Code of Alabama 1975.
The appellant was arrested on March 26, 1988. He was tried and found guilty in municipal court on August 5, 1988. An appeal was taken on the same day. Thereafter, an information was filed by the City of Huntsville. We are unable to determine the date the information was filed, since a copy does not appear in the record. However, references to the information filed by the City of Huntsville are made in various motions and submissions filed by the appellant on September 21 and 23, 1988. In response to the appellant’s motion of September 23, 1988, requesting that his case be dismissed because of the City’s alleged failure to adequately inform him of the offense with which he was charged, the City of Huntsville filed a more detailed complaint in circuit court on October 7, 1988. The appellant received a copy of the complaint on October. 11, 1988. He was tried and found guilty by a jury on March 9, 1989, approximately five months after receipt of the formal complaint.
Although the appellant contends that the information filed against him was not timely filed, his contention is not supported by the record. Indeed, the record is silent as to this contention, as no copy of the information is contained in the record before us. As our Supreme Court stated, in Robinson v. State, 444 So.2d 884, 885 (Ala.1983):
“A reviewing court cannot predicate error on matters not shown by the record. Watson v. State, 398 So.2d 320 (Ala.Cr.App.1980), cert. den., 398 So.2d 332 (Ala.1981). Indeed, a silent record supports a judgment. Robertson v. State, 29 Ala.App. 399, 197 So. 73 (1940). It is the appellant’s duty to file a correct record. Tyus v. State, 347 So.2d 1377 (Ala.Cr.App.1977), cert. den., 347 So.2d 1384 (Ala.1977); Rushing v. State, 40 Ala.App. 361, 113 So.2d 527 (1959).”
See also Montgomery v. State, 504 So.2d 370 (Ala.Cr.App.1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App.1986).
It is well settled that the city’s failure to file the complaint with the circuit court within 15 days of the appeal, as required by § 12-14-70, Code of Alabama 1975, does not deprive that court of jurisdiction over the appellant. Jefferson v. City of Birmingham, 399 So.2d 932 (Ala.Cr.App.1981). See also Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263 (1944); Clark v. City of Mobile, 357 So.2d 675 (Ala.Cr.App.) cert. denied, 357 So.2d 680 (Ala.1978); Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158, cert. dismissed, 269 Ala. 474, 114 So.2d 164 (1959). Thus, the court correctly denied the appellant’s motion to dismiss.
III
Third, the appellant contends that the trial court erred in giving the jury a certain charge.
Temporary Rule 14, Alabama Rules of Criminal Procedure, states as follows: “No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict....” The appellant has failed to preserve this issue for review, since he never objected to the trial court’s oral charge. See Cox v. State, 500 So.2d 1296 (Ala.Cr.App.1986); Holmes v. State, 497 So.2d 1149 (Ala.Cr.App.1986).
IV
Finally, the appellant contends that the trial court violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by imposing a harsher sentence upon his conviction in circuit court than he received upon conviction in municipal court for the same offense.
This court, in Draime v. State, 523 So.2d 137 (Ala.Cr.App.1988), held that a circuit court judge may set any sentence upon a *1333 defendant’s conviction for a misdemeanor, regardless of the sentence imposed by the municipal court judge, provided that the sentence imposed is within the minimum and maximum limits as set by statute. This court went on to state that “unless there is evidence in the record of ‘vindictiveness’ by the trial court, we will not overturn a higher sentence imposed on trial de novo that fits within the statutory limits of punishment.” Draime, supra, 523 So.2d at 139. A careful review of the record reveals that there is no evidence of vindictiveness in this case, and the punishment imposed on the appellant is within the statutory limits of punishment.
Appellant received a fair trial. The judgment of the circuit court is hereby affirmed.
AFFIRMED.
All the Judges concur.