MONTIEL, Judge.
The appellant, David Todd Wright, was convicted of sexual abuse in the first degree and of sodomy in the first degree. The appellant was first tried on November 18, 1992. The appellant moved for a mistrial because of allegedly prejudicial statements by a witness. According to the appellant, during the in camera hearing on the motion for a mistrial, the trial judge informed the appellant that if he granted his motion and the appellant was convicted, the judge would sentence the appellant the maximum prison term. The appellant’s motion for a mistrial was granted and the appellant was tried again.
At the retrial the appellant was convicted of sexual abuse in the first degree and of sodomy in the first degree. After the jury rendered its verdict, the appellant filed a motion requesting that the trial judge recuse himself from the sentencing phase because, he says, the judge’s remarks during the in camera hearing on the motion for a mistrial showed bias or prejudice against the appellant. At the hearing on the recusal motion, the trial judge stated that he did not recall making those remarks and further stated that if he had made the remarks, he did so to explain the possible range of punishment if the appellant was found guilty. The trial judge denied the motion and sentenced the appellant to 10 years’ imprisonment on the sexual abuse conviction and to 99 years’ imprisonment for the sodomy conviction. He further ordered that the sentences were to be served consecutively.
The appellant contends that the trial judge’s in camera comments exhibited personal bias and prejudice and that, therefore, the trial judge should have recused himself from sentencing the appellant. During the hearing on the recusal motion and before sentencing, the trial judge stated:
*1073 “And I understand that I am not to prejudge these eases. I’d already heard testimony, and my statement that was made is that if he were found guilty. Of course, if he’s found guilty, he’s going to be found guilty of committing oral sex on a five-year-old child.
“And that is the kind of crime I think does merit the maximum sentence. I have looked at the presentence report to look for any extenuating circumstances, and considering any special circumstances of this defendant.
“I don’t feel like I have any prejudice against this defendant, and I’m prepared to listen to your other witnesses with regard to possible circumstances ... or what other plans he may have, or things he wishes to be heard.”
“A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned.” 3C Canons of Judicial Ethics. “Except for the impartiality of those who occupy the role of judge, both in act and appearance, the level of respect necessary to a strong and effective judiciary will fail.” Morgan County Comm’n v. Powell, 292 Ala. 300, 312, 293 So.2d 830, 840 (Ala.1974) (Jones, J., concurring specially). Every accused is entitled to detached neutrality from a judge. The accused’s right to a fair trial presided by an impartial judge is a jealously guarded right. See Ex parte White, 53 Ala.App. 377, 300 So.2d 420, 438 (Ala.1974). Trial judges should refrain from volunteering remarks regarding to sentencing before a finding of guilt has been made and before presentencing considerations are examined. In situations where premature remarks are made, a red flag is raised in regard to potential bias on the part of the judge. In such a case, this Court must closely review the remarks and conduct of the trial judge to ensure that the accused was, in fact, accorded fairness in all stages of his trial.
A judge is presumed to be qualified and unbiased. See D.H. v. State Dept. of Human Resources, 600 So.2d 273, 277 (Ala.Civ.App.1992). The burden is upon the party requesting recusal to present evidence establishing the existence of bias or prejudice on the part of the judge. Marlow v. State, 538 So.2d 804, 812 (Ala.Crim.App.1988), cert. denied, 492 U.S. 908, 109 S.Ct. 3222, 106 L.Ed.2d 571 (1989). The alleged bias or prejudice that a judge has to a party must be personal. Houston v. State, 565 So.2d 277, 280 (Ala.Crim.App.1990); Ex parte Whisenhant, 555 So.2d 235, 238 (Ala.1989), cert. denied, 496 U.S. 943, 110 S.Ct. 3230, 110 L.Ed.2d 676 (1990). Additionally, the bias must stem from an extrajudicial source. Ex parte Large, 501 So.2d 1208, 1210 (Ala.1986); Houston, 565 So.2d at 280.
In this case, the trial judge listened to evidence presented by the appellant in regard to extenuating circumstances, reviewed the presentence report, and was willing to hear from the appellant as to what he wished to say on his behalf. The comments made by the trial judge at the hearing on the motion for a mistrial were made in the context of informing the appellant of the range of punishment he could receive if found guilty and were based upon the evidence presented to him during the first trial. While we do not condone voluntary comments in regard to sentencing before a determination of guilt has been made, the record before us does not indicate that the trial judge in this case had any personal bias or prejudice.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.