TAYLOR, Presiding Judge.
The appellant, Ottis Glenn Holden, was convicted of driving under the influence of alcohol (DUI), a violation of § 32-5A-191(a)(2), Code of Alabama 1975, and of illegal lane usage, a violation of § 32-5A-88, Code of Alabama 1975. He was sentenced to 12 months in jail and was fined $2000 on the conviction for DUI and was fined $50 plus court costs on the conviction for illegal lane usage.
The city’s evidence tended to show that shortly after midnight on September 14, 1993, the appellant was driving his car in the City of Florence, Alabama. Sergeant Curtis of the Florence Police Department testified that he observed the appellant, who was driving a truck, cross the centerline into the opposing lane of traffic several times. Curtis stated that he then turned on the blue lights on his patrol ear, but that the appellant did not stop. Curtis testified that he called for additional officers to assist him. He then attempted to make the appellant stop his truck by turning on his intermittent siren. The appellant made some sort of hand gesture but kept on driving at a speed of about 25 miles per hour. Officer McDonald arrived in his patrol car in response to Curtis’s radio call for backup. McDonald continued following the appellant and Curtis passed the appellant’s truck and drove in front of it, forcing the appellant to stop.
Officer Curtis testified that the appellant had a strong odor of alcohol on his breath and clothing. Curtis further stated that the appellant appeared very unsteady while trying to stand. He testified that the appellant did not successfully complete the field sobriety tests — the “finger-to-nose” test and the “ABC” test — administered by the officers.
Officer McDonald testified that the appellant had a sloppy appearance, that his speech was slurred, and that his eyes were red. Both officers stated that in their opinion the appellant was too intoxicated to operate a motor vehicle safely.
The appellant testified at trial in his own behalf and presented evidence contradictory to that presented by the city. He testified that he had spent the day resting at home because he had to work a 16-hour shift the following day. At 10:25 p.m., he went to bed. He testified that at about 11:15 p.m. his friend Howard Redding called from a bar and said that he needed to borrow $50. The appellant stated he quickly put on some clothes he had thrown on a chair and left. He went to the bar, spoke briefly with Red-ding, and then went to a bank’s automatic teller machine to get $50 for Redding. The appellant testified that he returned to the bar and that he drank part of a beer with Redding. Around midnight, he left the bar and went to the automatic teller machine again to withdraw money for the following day. While the appellant was driving home, a police car began following him. He said that the police car followed him about a mile and that the officer then turned on the blue lights. The appellant testified that he kept driving because he did not want to pull over into a “little depression” at the bottom of the hill he was driving on. The appellant testified that he had trouble standing because he has had knee problems since high school and had undergone several knee operations. He testified that his appearance was sloppy because he had dressed quickly and had put on the same clothes he had worn earlier that day. Furthermore, he testified that he successfully completed the “finger-to-nose” sobriety test. Also, he stated that his only *1006 problem on the “ABC” test was that he stopped on the letter “Q” when he was asked to stop on the letter “PThe appellant testified that his eyes are red most of the time because he is allergic to soap, to oak trees (and there were oak trees in his yard), and to “oil irritants” at work. Finally, the appellant testified that his truck is very old and needs a lot of work. In particular, the steering mechanism was very worn, he said.
The appellant was arrested and taken to the Florence detention center where he refused to take the Intoxilyzer 5000 breath test to measure his blood alcohol content.
The appellant presents two issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal. He also contends that the evidence presented at trial does not support the jury’s verdict. We will address these contentions together.
“In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the [city], accord the [city] all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”
Underwood v. State, 646 So.2d 692, 695 (Ala. Cr.App.1993).
The city presented sufficient evidence from which the jury could find the appellant guilty of driving under the influence of alcohol and of illegal lane usage. The officers testified that the appellant had the odor of alcohol on his breath and clothing. The appellant’s speech was slurred, his eyes were red, and he was unsteady on his feet. Also, Officer Curtis testified that the appellant could not successfully complete the sobriety tests. Furthermore, Curtis observed the appellant drive across the centerline into the opposing lane of traffic. Although the evidence was conflicting, conflicting evidence and contradictory evidence present a question for the jury to reconcile. Dailey v. State, 604 So.2d 436, 438 (Ala.Cr.App.1992). The jury weighs evidence; we will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App.1992). The trial court did not err in denying the appellant’s motion for a judgment of acquittal.
II
The appellant also contends that the trial court erred by imposing a longer sentence than he received in municipal court. No error can be predicated upon the circuit court’s imposing a more severe sentence than a municipal court in a trial de novo. The possibility of a more severe sentence is part of the risk tacitly accepted by the defendant who appeals his conviction to a circuit court.
“On appeal de novo to circuit court, ‘the circuit court is free to set any lawful sentence upon conviction. [It] is not bound by the actions of the municipal or district judge in the same case.... Unless there is evidence in the record of “vindictiveness” by the trial court, we will not overturn a higher sentence imposed on trial de novo that fits within the statutory limits of punishment.’ Draime v. State, 523 So.2d 137, 139 (Ala.Cr.App.1988). See also Gradford v. City of Huntsville, 557 So.2d 1330, 1332-33 (Ala.Cr.App.1989).”
Reese v. City of Dothan, 642 So.2d 511, 517 (Ala.Cr.App.1993).
The sentence imposed on trial de novo was within the maximum and minimum limits as set by law. No vindictiveness was involved. We further observe that this was the appellant’s fifth DUI conviction within five years.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.