STUART, Justice
(dissenting).
I respectfully dissent from this Court’s decision to quash the writ.
Vaughn Steel Fowler was convicted in the Baldwin District Court for public intoxication, resisting arrest, menacing, and assault. He was sentenced to 60 days in jail for each conviction; those sentences were to be served concurrently. Fowler appealed to the Baldwin Circuit Court for a trial de novo. At a pretrial conference, the circuit judge, Robert Earl Wilters, told Fowler that if he was convicted in the circuit court the sentence for each conviction would be greater than the sentence that had been imposed in the district court. Alleging that the circuit judge’s statements indicated a bias against him, Fowler moved the circuit judge to recuse himself. Judge Wilters summarily denied the motion.
Fowler petitioned the Court of Criminal Appeals for a writ of mandamus directing the circuit judge to recuse himself. The Court of Criminal Appeals concluded that Judge Wilters’s statements in the pretrial conference exhibited a “vindictive attitude” and granted the petition. Ex parte Fowler, 863 So.2d 1136, 1141 (Ala.Crim.App. 2001).
The State contends that the Court of Criminal Appeals incorrectly answered a material question of first impression with regard to Canon 3.C., Alabama Canons of Judicial Ethics. Specifically, the .State maintains that the Court of Criminal Appeals erred in holding that Canon 3.C.(1) and Canon 3.C.(l)(a) are separate and distinct provisions.
Canon 3.C. provides, in pertinent part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be' questioned, including but not limited to instances where:
“(a) He has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....”
(Emphasis added.)
“Include” is defined in Black’s Law Dictionary 766 (7th ed.1999), as follows:
“To contain as a part of something. The participle including typically indicates a partial list <the plaintiff asserted five tort claims, including slander and libel>. But some drafters use phrases such as including without limitation and including but not limited to — which mean the same thing.”
See also Alligator Enters., Inc. v. General Agent’s Ins. Co., 773 -So.2d 94 (Fla.Dist.Ct. App.2000).
Canon 3.C.(1) addresses a situation where a judge’s impartiality might reasonably be questioned — that is, whether the impartiality involves direct personal bias toward a particular litigant, see Ex parte Duncan, 638 So.2d 1332 (Ala.1994), or a judicial bias toward a group of litigants, see Liteky v. United States, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)(construing 28 U.S.C. § 455); and McWhorter v. City of Birmingham, 906 F.2d 674 (11th Cir.1990). The plain, ordinary. language of Canon 3.C.(1) indicates that subsections (a) through.(d) create a partial, not all inclusive, list of situations in which a judge may not participate without violating Canon ,3.C.(1). The language is unambiguous; subsections (a) through (d) are not separate and distinct provisions from Canon 3.C.(1), but a partial, not all inclusive, list.
*1148 The State further contends that the Court of Criminal Appeals erred in issuing a writ of mandamus because, it says, the Court of Criminal Appeals did not apply the test for recusal set forth by this Court in Ex parte Duncan, supra.
“Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: ‘Would a person of ordinary prudence in the judge’s position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge’s impartiality?’ Matter of Sheffield, 465 So.2d 350, 356 (Ala.1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality— whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala.1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983).”
638 So.2d at 1334. See also Ex parte Bryant, 682 So.2d 39 (Aia.1996).
Canon 3.C.(1) has been revised since this Court set out that test in Ex parte Duncan; however, the application of that test is proper whether the bias by the trial judge is a personal bias against an individual defendant or a judicial bias against a group of defendants. The determination is whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality. Ex parte Duncan, supra; and Ex parte Large, 501 So.2d 1208 (Ala.1986). The test focuses on whether an objective, disinterested observer fully informed of the facts underlying the grounds for recusal would maintain significant doubt that justice would be done if the judge were to continue to preside over the case.
In Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1993), the United States Supreme Court held that allegations of bias are required “to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever ‘impartiality might reasonably be questioned.’ ”
A trial judge’s statements in certain contexts would unconstitutionally deter a defendant from exercising his or her legal right to seek an appeal and would mandate the trial judge’s recusal. The materials presented to us, however, do not contain a transcript of the proceeding. This Court has only the averments of the petitioner and the trial court’s response to review. It is impossible to know the context of the trial court’s statement without a transcript of the pretrial hearing; consequently, Fowler has not presented a complete picture on which an objective evaluation could be conducted.
“ ‘[Mjandamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Horton, 711 So.2d 979 (Ala. 1998) (citations omitted); Ex parte Land, [775 So.2d 847 (Ala.2000)]. ‘A writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127 (Ala.1980).’ Ex parte Southland Bank, 514 So.2d 954 (Ala.1987).”
*1149 Ex parte Hutcherson, 847 So.2d 386, 387 (Ala.2002)(emphasis added).
Because Fowler did not establish a clear legal right to the relief requested, I believe that the writ issued by the Court of Criminal Appeals should be vacated.
Moreover, I note that in Richardson v. City of Trussville, 492 So.2d 625 (Ala. Crim.App.1985), a case in which the Court of Criminal Appeals had a transcript of the proceedings and properly concluded that the trial court had clearly exhibited a vindictive attitude, the court did not order recusal as Richardson requested, but re-sentencing. In this case, the Court of Criminal Appeals’ order that the trial judge recuse himself is based on less information than was established in Richardson, which that court held did not mandate recusal.
My dissent should not be interpreted as approving the statements Judge Witters made in the pretrial conference. As the Court of Criminal Appeals stated, “[i]t is a ‘flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant’ ” for his having exercised his right to appeal. 863 So.2d at 1140 (quoting Richardson, 492 So.2d at 628). I do not condone a procedure whereby a trial judge announces such a policy, regardless of whether said policy is followed. I, however, refuse to engage in speculation or rely on incomplete information to establish a trial judge’s bias and to determine whether the judge should recuse himself or herself.
Fowler simply did not meet the stringent requirements for the issuance of a writ of mandamus. Therefore, I dissent.