PER CURIAM.
The petitioner, Morgan Tillman Vandi-ver, filed this petition for a writ of mandamus directing Judge Sharon H. Hester to *1216 recuse herself from presiding over his trial. Vandiver was charged with the unlawful manufacture of controlled substances, possession of drug paraphernalia, and possession of a controlled substance.
The exhibits filed with the mandamus petition show that on December 5, 2005, Vandiver was transported from the Limestone Correctional Facility for a pretrial hearing on the three charges against him. At the hearing Vandiver physically assaulted an individual who was seated in the courtroom. Judge Hester held Vandiver in contempt of court and sent a letter to the Alabama Department of Corrections (“DOC”) detailing Vandiver’s actions and requesting that Vandiver’s custody classification be increased. Vandiver moved that Judge Hester recuse herself from hearing his case because, he argued, she had demonstrated a bias against him by her actions in writing to DOC and requesting that his custody classification be increased to the highest level. Judge Hester denied the motion; this petition for a writ of mandamus followed. Vandiver’s trial was scheduled for June 12, 2006, but was continued by the circuit court.
Vandiver argues that Judge Hester has shown a bias against him and therefore should recuse herself from presiding over his cases. He further argues that as a result of Judge Hester’s letter to DOC he was disciplined for violating a disciplinary rule of conduct and was placed on 45 days of disciplinary segregation. He cites Ex parte Eubank, 871 So.2d 862 (Ala.Crim.App.2003), in support of his assertions.
The State asserts that the circuit court correctly denied Vandiver’s motion to re-cuse because there was no showing of an extrajudicial bias that would warrant her recusal. It further argues that Ex parte Eubank is distinguishable from this case.
Canon 3.C.(1), Alabama Canons of Judicial Ethics, governs when a judge is required to recuse himself or herself from hearing a case. The Canon states, in part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
“(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it.”
In Ex parte Duncan, 638 So.2d 1332 (Ala.1994), the Alabama Supreme Court stated the following concerning Canon 3. C. (1):
“Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: “Would a person of ordinary prudence in the judge’s position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge’s impartiality?’ Matter of Sheffield, 465 So.2d 350, 356 (Ala.1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality— whether there is an appearance of impropriety. Id. See Ex parte Balogun, *1217 516 So.2d 606 (Ala.1987); see, also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983).”
638 So.2d at 1334. We held in Ex parte Fowler, 863 So.2d 1136, 1140 (Ala.Crim.App.2001), that “[a] situation where the impartiality of a judge might reasonably be questioned may not always involve direct personal bias on the part of the judge.”
In Ex parte Eubank, the petitioner challenged the circuit court’s ruling denying his motion to recuse after the circuit court filed a complaint against the petitioner, who happened to be an attorney, with the Alabama State Bar. In Eubank we granted the writ and directed the circuit judge to recuse herself from the case. We stated:
“Eubank argues that Judge Bahakel should recuse herself because, he argues, the fact that she filed a complaint against him with the Alabama State Bar shows that she is biased against him. Eubank cites Ex parte Rollins, 495 So.2d 636 (Ala.1986), in support of this contention. The State asserts that Eu-bank has failed to show that Judge Ba-hakel is biased against him and that Rollins is distinguishable from the present case.
“Canon 3.C.(1), Alabama Canons of Judicial Ethics, states:
“ ‘(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“ ‘(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.’
“In Rollins, the Alabama Supreme Court addressed the issue whether a trial judge should recuse himself after the judge filed a complaint against Rollins’s attorney with the Alabama State Bar alleging perjury, political vindictiveness, and unfitness to practice law. The Court noted that it appeared that the trial court still had negative feelings against the attorney even though the complaint was filed over two years earlier and the Alabama State Bar had dismissed the complaint. The Court found that Rollins had established that the trial judge was biased and should recuse. The Rollins Court did not specifically address whether the filing of a complaint with the State Bar against an attorney representing a client is sufficient, by itself, to mandate recusal. Neither has our research revealed any other case addressing this issue.
“Eubank has attached a copy of the letter Judge Bahakel sent to the Alabama State Bar. The letter states that Eubank continues to drink, that he is impaired, that he is a danger to himself and to the community, and that he should be suspended from practicing law. Eubank is facing charges of felony DUI — he is not the attorney representing a defendant but the defendant himself. Therefore, we believe that the facts of this case raise an even stronger inference of bias than was presented in Rollins.”
871 So.2d at 864-65. The facts in Ex parte Eubank and Ex parte Rollins, 495 So.2d 636 (Ala.1986), are clearly distinguishable from the facts presented in this case.
Judge Hester stated the following in her letter to DOC:
“The referenced individual, Morgan Tillman Vandiver, was transported to Franklin County, Alabama for purposes of a pretrial conference on December 05, 2005. While in open Court, in the presence of myself, as the presiding Circuit Judge, and remaining Court personnel, Mr. Vandiver physically attacked anoth *1218 er individual seated in the Courtroom. Mr. Vandiver failed to cease and desist when instructed to do so by the Court and was required to be physically restrained by the Franklin County Jail Administrator.
“Mr. Vandiver’s explanation that the individual he assaulted had physically mistreated his wife, or other members of his family, does not provide justification for such contempt. [Mr. Vandiver] was immediately held in contempt of Court and as result of that contempt, I am requesting that his classification be increased to the maximum allowed under DOC regulations. Clearly, such action can not be tolerated by any individual, much less a State Inmate.
“I would greatly appreciate you forwarding to me a copy of any disciplinary reports generated as a result of this reported situation. If I can answer any questions or provide any additional information, please do not hesitate to call.”
Judge Hester informed DOC of Vandiver’s dangerous propensities based on his assaultive behavior while he was in her courtroom. Judicial bias, i.e., bias arising out of the judicial proceedings, such as that suggested by the actions of the trial judge here, without more, is generally insufficient, to require recusal under Canon 3.C.(1), Alabama Canons of Judicial Ethics. See, e.g., Ex parte Duncan, supra; and Ex parte Large, 501 So.2d 1208 (Ala.1986). In this case there has been no showing of an extrajudicial bias.
The United States Supreme Court in Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), held that knowledge gained though court proceedings is not sufficient, in itself, to support a claim of bias. The Court stated:
“The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge’s task. As Judge Jerome Frank pithily put it: ‘Impartiality is not gullibility. Disinterestedness does not mean childlike innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.’ In re J.P. Linahan, Inc., 138 F.2d 650, 654 (C.A.2 1943). Also not subject to deprecatory characterization as ‘bias’ or ‘prejudice’ are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.”
510 U.S. at 550-51,114 S.Ct. 1147.
In order for a writ of mandamus to issue, the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. State v. Williams, 679 So.2d 275 (Ala.Crim.App.1996). Vandiver has failed to show any extrajudicial bias on the part of Judge Hester; therefore, Van-diver has failed to satisfy the requirements for the issuance of a writ of mandamus. This petition is due to be denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., dissents, with opinion.